22   568|
115   284|

## SMITH *vs.* CAUSEY.

1. The statute which gives double damages for injuries to stock, (Clay's Digest 241 § 3,) is highly penal in its character, and must be strictly construed.
2. To authorize a recovery under this statute, it must be shown that the defendant's fence was insufficient, and that the injury to plaintiff's stock arose out of some act of the defendant's, done or commanded or directed to be done by him.
3. The mere negligence of a servant, acting in the ordinary business of the defendant, his master, will not authorize a recovery, although the damage to

Smith v. Causey.

plaintiff's stock actually resulted from such negligence, and although an action on the case at common law would lie to recover damages for such injuries.

4. At common law, no recovery could be had against the owner of domestic animals which are not naturally inclined to do mischief, for an injury arising from carelessness in keeping them, unless it is averred and proved that he knew their vicious propensities, and kept them so carelessly and negligently that injury to plaintiff resulted therefrom.

ERROR to the Circuit Court of Barbour.
Tried before the Hon. JOHN GILL SHORTER.

Causey sued Smith before a justice of the peace, to recover damages for injuries which his hogs had received from the dogs of the defendant. He recovered a judgment against him for ten dollars, from which Smith appealed to the Circuit Court. On the trial in that court, as appears by a bill of exceptions in the record, the plaintiff proved that his hogs had been bitten and otherwise injured by the dogs of the defendant and others, in a field cultivated by the defendant and others, and that the fence which enclosed said field was not a lawful fence. It was not proved that said dogs had been set upon the plaintiff's hogs by the defendant, or by his orders; but it was shown that the defendant was not present or within hearing at the time. It was also proved, that a son of the defendant, who aided him in cultivating his farm, was present, but not that he set said dogs on said hogs, or that he aided in any way in producing the injury done. It was also proved, that a niece of the defendant came from her father's house, near by, and aided in calling off said dogs from said hogs, and preventing them from doing further damage.

Upon this state of facts, the defendant's counsel requested the court to charge the jury:

1. That if they believed from the evidence, that the injury done to said hogs by said dogs was not caused by the act of the defendant, or under his instructions, plaintiff could not recover in this action;

2. That unless it was proved that the defendant knew that said dogs were vicious, and would bite, or that the act was done by him, or under his orders, the plaintiff could not recover.

Both of these charges the court refused to give; and charged the jury, that, " if they believed from the evidence,

37

that the injury to the plaintiff's hogs was done by the defendant's dogs, in the field of the defendant, and that the fence around the field was not a lawful fence, they must find for the plaintiff twice the amount of the damage done."

To the refusal to charge as asked, and to the charge given, the defendant excepted, and here assigns them for error.

BULLOCK, for plaintiff in error.

BUFORD, *contra.*

LIGON, J.—In cases of the one under consideration, in which no pleadings are made up in the court below, it is often very difficult to ascertain how they were regarded in that court, in respect to the nature or form of action, and what rules were there applied to them. This case is surrounded with perplexities of that kind. Whether it was treated as trespass or case, except by the affirmative charge of the court, the record furnishes no means of determining. From that, however, we suppose it was regarded as an action on the case, for the recovery of double damages, under the statute, (Clay's Dig. 241 § 3;) and as such we shall treat it.

This statute is highly penal in its character, and as such must be strictly construed. It provides: "If any person injured for want of sufficient fence, shall hurt, wound, lame, kill or destroy, or shall cause to be hurt, wounded, lamed, killed or destroyed, by shooting, hunting with dogs, or otherwise, any of the kind or breed of horses, mules, cattle, sheep, hogs, &c., he or she so offending, shall satisfy and pay the owner of the beast so hurt, wounded, lamed, killed or destroyed, double damages, with costs, recoverable as aforesaid." By this act, the recovery was to be had only in a court of record; but, we presume, that, under the act of 1846, (Clay's Dig. 358 § 3;) when the damages sought to be recovered do not exceed twenty dollars, the proceedings may be had before a justice of the peace.

To enable a party to recover under this act, it must be shown that the fence of the defendant is insufficient, and that the injury to the stock of the plaintiff arose out of some act of the defendant, done, or commanded, or directed to be done by him. If this be not shown, he cannot be said, in the

meaning of the statute, to cause it to be done. The mere negligence of a servant, acting in the ordinary business of the master, although the damage to the stock of the plaintiff actually results from such negligence, will not authorize the recovery. It may often happen that an action on the case, at common law, would well lie, to recover damages for the injury so done, when a proceeding under the statute would not. Lindsey v. Griffin, at the present term.

The facts of the present case do not justify a recovery under the statute, for they do not establish such a connection between the defendant and the injury done to the stock of the plaintiff, as would justify us in saying, in the sense of the statute, that he either did it, or caused it to be done.

We have already decided under this act, that to entitle a party to recover under it, in an action in the Circuit Court, he must frame his pleadings in reference to it, (Tankersly v. Wedgworth et al., at the present term;) and it would follow, that, in cases which require no written pleadings, the proof of the plaintiff must clearly bring him within its provisions, or he will not be allowed the benefit of them.

At common law, where an injury to another arises from carelessness in keeping domestic animals, which are not necessarily inclined to do mischief, such as dogs, horses, &c., no recovery can be had against the owner, for an injury done by them, unless it is averred and proved that he knew their vicious propensities, and so carelessly and negligently kept them, that injury resulted to the plaintiff therefrom. Burke v. Dyson, 4 Camp. 198; Smith v. Pelah, 2 Strange 1263; Durden v. Barnett & Harris, 7 Ala. Rep. 169.

We think, therefore, that the charges requested by the defendant in the court below, and refused by the court, should have been given; and that the charge given to the jury is erroneous.

Let the judgment be reversed, and the cause remanded.