BLOODWORTH, Justice.
Rushton, the tenant, appeals from separate summary judgments in favor of Shu-gart, the landlord, and Alabama Gas Corporation. We affirm summary judgment for landlord and reverse summary judgment for Alabama Gas Corporation (Alagasco).
Landlord Shugart owned an apartment complex called Ann Gardens Apartments in Montgomery. He leased an apartment to *13 the tenant for two years, starting February 1, 1977. The written lease contained exculpatory clauses providing that the landlord would not be obligated to repair and would not be liable for damages from failure to repair or from a defect or any other cause.
Tenant’s amended complaint claimed that she and her daughter were injured by inhaling carbon monoxide gas produced by a defective bathroom heater. She alleged negligence and wantonness on the part of the landlord in allowing the operation and use of a defective and unsafe heater which he knew, or should have known, to be unsafe, and negligence and wantonness against Alagasco for turning on the gas without the customary examination or adjustment of the appliance.
The trial court issued a pre-trial order, with a copy of the lease appended thereto as an exhibit, which applied to the tenant and the landlord only. Landlord moved for summary judgment based upon the pre-trial order with exhibit and his deposition, attached as an exhibit to the motion. Alagas-co moved for summary judgment based upon the pleadings and depositions on file. Tenant introduced nothing in opposition to the motions for summary judgment, and both motions were granted.
On appeal, the tenant contends that summary judgments were inappropriate because the landlord and Alabama Gas Corporation failed to carry their burden of establishing that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. After an examination of the record, we conclude that the landlord was entitled to summary judgment, but Alabama Gas Corporation was not.
Since there was no covenant to repair, the landlord would be liable only for latent defects of which he knew when the lease was made and which he concealed from the tenant. Osborn v. Brown, 361 So.2d 82 (Ala.1978). Moreover, a landlord has no duty to inspect for latent defects. Id
The deposition submitted by the landlord in support of his motion for summary judgment shows that he did not know of any defects in the heater. He made no repairs to the heater, and did not inspect it or use it. Tenant made no complaint regarding the heater before the alleged injuries occurred. Because the tenant offered nothing to contradict this evidence, we must consider it uncontroverted. Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92 (1976).
When a motion for summary judgment is made and supported, and the opposing party does not respond, summary judgment, if appropriate, may be entered against him. Rule 56(e), ARCP. The landlord established that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. There being no response from the tenant, summary judgment was due to be granted for the landlord.
In contrast, Alabama Gas Corporation did not carry its initial burden. Its motion for summary, judgment was based upon the pleadings and depositions on file. The only deposition of record is the landlord’s, and there is nothing in it applicable to Alagasco. The pre-trial order concerns only the tenant and the landlord. We are left with the complaint and answer. There is nothing presented to show an absence of genuine issues of material fact regarding the claim against Alagasco.
Reliance upon the rule that the party opposing summary judgment may not rest upon his pleadings is misplaced in this instance. There is no need to respond when the movant fails to show that he is entitled to judgment under established principles. Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975). Tenant should have prevailed despite her failure to present evidence in opposition, because there was no evidence introduced by Alagasco that required contradiction. The tenant alleged in her complaint that Alagasco turned on the gas without the customary inspection, etc. Denial by Alagasco made this an issue of fact.
*14 Tenant further contends that her motion to produce under Rules 34 and 37, ARCP, was not honored by Alagasco. The record reveals that a request was made and an order entered pursuant to Rule 37, compelling production.- Alagasco did produce some documents but asserted that others were protected from discovery by Rule 26(b)(3), ARCP. A second motion to compel production was denied. We are unable to ascertain from the state of the record whether or not the documents in question were protected from discovery, and therefore we cannot say' that there was an abuse of discretion by the trial court in denying the second motion.
The summary judgments for the landlord are affirmed, and the summary judgments for Alagasco are reversed and the causes remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.