Defendant Leon L. Clardy, landlord, owned a building on Norman Bridge Road in Montgomery which housed five stores. He leased one store to Kitty Stallings, plaintiff/tenant, who was doing business as Text-Mar Factory Outlet, and an adjacent store to defendant/tenant, Angelica Uniform Company, doing business as Life Uniform Company.
The written leases of both tenants contained clauses providing that the tenants, and not the landlord, would be responsible for repairs to the interior of the stores including repairs to all heating units, store fixtures, store equipment and electrical installation. Moreover, under these leases thelandlord would not be liable for damage to or loss of anyproperty of the tenants unless it was caused by a directfailure of the landlord to act as required by the lease withina reasonable period after being given notice of the necessity therefor.
The plaintiff brought this action to recover damages against Angelica and Clardy. Her complaint claimed loss of property and business as result of a fire which originated from a defective fluorescent light ballast on the premises of Angelica Uniform Company. Plaintiff also alleged that defendant Angelica Uniform Company or its agents, servants or employees and the lessor, Clardy, negligently or wantonly caused the fire.
The defendant Clardy moved for summary judgment based on the pleadings and depositions filed by him. Plaintiff introduced nothing in opposition to that motion for summary judgment, and the motion was granted.
Plaintiff then filed a motion for re-hearing of the motion for summary judgment. This motion was denied. A motion for leave to amend her complaint was filed by plaintiff and was supported by affidavits. This motion was also denied.
The case against Angelica Uniform Company was heard by a jury on December 13, 1979 and a judgment was rendered in favor of that defendant.
On appeal plaintiff contends that:
1. The summary judgment was improperly granted for defendant Clardy;
2. The trial court erred in denying plaintiff's motion for re-hearing of the motion for summary judgment;
3. The trial court erred in denying plaintiff's motion for leave to amend her complaint; *Page 945 
4. The judgment for defendant Angelica Uniform Company was contrary to the evidence.
We affirm.
Plaintiff urges that summary judgment in favor of Clardy was improper because on the day of the fire, the building owned by defendant Clardy and leased by plaintiff, doing business as Text-Mar, was in violation of the fire code of Montgomery.
This argument must fail, however, since such information was not before the court at the time of submission of the summary judgment motion, but was brought out later at the trial against defendant Angelica Uniform Company.
Under Alabama law the trial court considering summary judgment can consider only the material which is before it at the time of submission of the motion. Guess v. Snyder, Ala.,378 So.2d 691 (1979); Mathis v. Jim Skinner Ford, Inc., Ala.,361 So.2d 113 (1978). Clearly the trial court cannot be put in error for failing to consider evidence which had not been presented to it at the time of the submission of the motion.
The plaintiff also contends that even though the lease of landlord Clardy to Angelica Uniform Company, on whose premises the fire started, contained a clause placing the duty to repair on the tenant, that clause should not affect her right to collect against Clardy for negligence. While this contention is generally accurate, it is important to observe that plaintiff Stallings is also a tenant of Clardy, and as such is to be governed by her own lease with Clardy which contained a clause placing the duty to repair on the tenant.
The general rule is that in the absence of a covenant to repair, a landlord is liable only for latent defects of which he was aware when he leased the premises and which he concealed from the tenant. Rushton v. Shugart, Ala., 369 So.2d 11 (1979). Furthermore, a landlord has no duty to inspect for latent defects. Id.
In Charlie's Transfer Co. v. Malone, 159 Ala. 325, 48 So. 705
(1909), the tenant of the first floor of a building sued the landlord for damages which occurred when a water pipe burst on the second floor. One count charged that defendant had a duty to keep the pipes in order and negligently breached that duty by having weak and defective pipes. This Court held that the count based on failure to keep in repair a portion of the building not rented to the defendant was demurrable for failure to aver knowledge or notice by the landlord of the defect. There it was said:
 To put the lessor in default in this respect, pretermitting all other considerations, it is necessary to aver knowledge or notice on her part of such defect. . . .
The depositions submitted by landlord Clardy in support of the summary judgment motion showed he did not know of any defects. He made no repairs to the lights, nor did he attempt to inspect them. No complaints had been made concerning the lights. Since plaintiff/tenant offered nothing to contradict this evidence we must consider it uncontroverted. Donald v.City National Bank, 295 Ala. 320, 329 So.2d 92 (1976); Rushtonv. Shugart, Ala., 369 So.2d 11 (1979). Absent any knowledge or notice on the part of Clardy of this latent defect there is no evidence showing that Clardy breached a duty to the plaintiff.
The plaintiff also contends that landlord Clardy failed to show that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. She claims that the evidence merely showed that the deponents did not know of any genuine issue of material fact, and contends that this evidence does not establish that none existed.
This argument overlooks the plaintiff's own position. A motion for summary judgment may be granted only when the movant has carried his burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Smith v. American Cast Iron Pipe Co., Ala.,370 So.2d 283 (1979). Rule 56 (e), ARCP states: *Page 946 
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
Here the landlord presented facts which would establish that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. Moreover, the plaintiff herself stated in a deposition that she did not know of any specific act of Clardy's that caused any damage to her. Since the plaintiff made no response and did not herself know of any negligent act done by defendant Clardy, the trial court properly granted summary judgment for him.
Plaintiff's second contention is that the trial court erred in denying her motion for a rehearing of Clardy's motion for summary judgment. Plaintiff offered no new information, no affidavits, no depositions and no explanation for the failure to furnish any such information prior to the summary judgment.
This Court faced a similar situation in Mathis v. Jim SkinnerFord, Inc., Ala., 361 So.2d 113 (1978). There a plaintiff requested a rehearing from a summary judgment. Although plaintiff had not answered the original motion for summary judgment he had filed an affidavit to support the motion for rehearing. This Court stated:
 It was, therefore, incumbent upon the plaintiff, on rehearing, to show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment. Absent that, the trial court did not abuse its discretion in refusing to set aside the summary judgment. Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922
(Fla.App. 1977); Rule 56 (e), ARCP.
Plaintiff here did not even file an affidavit to support the motion for rehearing of the summary judgment. Clearly the trial court did not abuse its discretion in refusing to set aside the summary judgment.
Plaintiff's third contention is that the court erred in denying her motion for leave to amend. She argues that the proposed amended complaint was based on facts unknown to her at the time of the filing of the original complaint. These facts concerned the alleged violation by Clardy of the building or fire code at the time the building in question was constructed.
The fire loss made the basis of this suit occurred on June 10, 1977. The plaintiff filed her action on June 9, 1978. The motion for summary judgment was filed on February 9, 1979 and was granted on May 9, 1979. The plaintiff made no explanation for the failure to file her motion to amend during the period of time which elapsed between the filing of her complaint and the grant of the summary judgment motion.
Knowledge of the alleged violation of the building or fire code, which the plaintiff claims she did not have, was readily available by the exercise of reasonable diligence during the one year preceding the filing of the complaint and certainly during the additional year the suit was pending before summary judgment was granted for Clardy. No explanation is made of the failure to engage in discovery or otherwise to investigate to obtain these facts.
In Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3,310 So.2d 469 (1975), this Court denied a petition for mandamus seeking to compel the circuit court to allow the amendment of a complaint. There the court considered the fact that the plaintiff proceeded on the original complaint for over two years, and all of the facts attempted to be pleaded in the amendment were available at the time the original complaint was filed or within one year thereafter. This Court said:
 We simply state here that if Rule 15 is to be of any benefit to the bench, bar and the public, the trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are *Page 947 
to be freely allowed and refusal of an amendment must be based on a valid ground.
Rule 15, ARCP, is not carte blanche authority to amend a complaint at any time. Discretion rests in the trial judge to deny amendments for good cause. In Walker v. Traughber, Ala.Civ.App., 351 So.2d 917 (1977), the court said: "[I]f the court determines, as it apparently did here, that a party has had sufficient opportunity to state a claim or revise his answer to a complaint but has failed to do so, leave to amend may properly be denied." Cf. McElrath v. Consolidated Pipe Supply Co., Ala. 351 So.2d 560 (1977), which is distinguishable on the facts. McElrath held that leave to amend pleadings should be liberally granted and that a court should not deny such amendments unless prejudice would result to the opposing party or unless there is an unexplained delay on the part of the moving party. In McElrath, however, inter alia, there was no evidence in the record that the amendments which were sought at the beginning of (and during) the trial could have been made at an earlier time.
In the instant case, the plaintiff had sufficient opportunity to discover the facts and to amend her complaint earlier and failed to do so. In view of this unexplained delay, leave to amend was properly denied.
Finally, plaintiff contends that the verdict rendered for Angelica Uniform Company at trial was contrary to the evidence. A jury verdict is presumed to be correct and will not be disturbed on appeal on the ground that it is contrary to the evidence unless the evidence convinces the court that it is wrong and unjust. Guthrie v. McCauley, Ala., 376 So.2d 1373
(1979).
The issue at trial was whether Angelica Uniform Company or its agents, servants, or employees wantonly or negligently caused the fire which began on Angelica Uniform Company's premises. The evidence showed that on the day before the fire three employees of Angelica did smell an unusual odor. All three testified that this odor was faint and did not smell like anything burning. They further said the odor did not seem to be coming from the light fixture. In fact they could not even be sure that the odor originated inside the shop. They testified that there was no tar or anything else coming from any light fixture; there had been no previous electrical problems; there was no smoke in the shop; and there was absolutely no indication to them that there was going to be a fire.
Clearly this evidence presented factual questions for the jury. Based on our review of the evidence, we are not convinced that the jury verdict, which held that Angelica Uniform Company was not negligent and that these employees acted as reasonably prudent persons would have under the same or similar circumstances, was either wrong or unjust. Thus, we hold that the verdict was not contrary to the weight of the evidence.
Let the judgment be affirmed.
AFFIRMED.
FAULKNER, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
JONES, J., concurs in the result.
TORBERT, C.J., and MADDOX, J., not sitting.