This is an appeal from a summary judgment and a subsequent order denying a Rule 60(b), A.R.Civ.P., motion to set aside that judgment. Both were entered against the plaintiffs[1] in their action to recover damages for personal injuries and property damage incurred in a highway collision between their automobile and a runaway "charging" horse allegedly owned by the defendant-appellee Tolleson. We affirm.
The complaint averred that defendant was negligent in failing to secure the horse; that the horse possessed dangerous *Page 355 
propensities of which defendant knew and which made it likely to charge motor vehicles if left unrestrained; and that defendant's negligence in not restraining it was the proximate cause of plaintiffs' injuries. The complaint also contained a wantonness count.
Defendant answered, denying plaintiffs' allegations. He then filed a motion for summary judgment based on his pleadings and affidavit, relying on § 3-5-3, Code of Alabama 1975, which he cited as controlling the issues in the case. Section 3-5-3
premises liability on proof that the owner "knowingly or willfully put or placed" his stock upon the highway "where . . . damages were occasioned." In his affidavit, defendant averred that he neither owned the horse, nor knowingly or willfully placed it upon the highway where the collision occurred; and, further, he denied that he ever knew the horse to be vicious, mischievous, or otherwise dangerous.
Plaintiffs' attorney submitted no evidence opposing the motion, nor did he appear for its hearing. The court granted the motion and entered judgment accordingly. The attorney then filed a motion to reconsider, pursuant to Rule 59(e), A.R.Civ.P. Again, however, he submitted no supporting evidence and did not appear for the scheduled hearing. The trial court subsequently overruled this motion.
Plaintiff retained new counsel, who, alleging inadequate representation by former counsel, filed a motion pursuant to Rule 60(b)(6), A.R.Civ.P., to set aside the summary judgment. That motion was also overruled, and this appeal was taken.
Appellant challenges the summary judgment, the denial of the Rule 60(b) motion and, in addition, challenges the constitutionality of § 3-5-3 under § 13 of the Alabama Constitution and under the due process and equal protection clauses of the United States Constitution.
In Scott v. Dunn, 419 So.2d 1340 (Ala. 1982), we upheld §3-5-3 against a constitutional challenge identical to that raised here; were we compelled to do so, we would reject appellant's challenge on the authority of that case. However, we need not reach that issue, for we find § 3-5-3 inapplicable to the facts as alleged in plaintiffs' complaint.
In Scott v. Dunn we distinguished the cases to which § 3-5-3
applies. Noting that " § 3-5-3(a) makes no reference to damages caused by a 'known mischievous animal'," we concluded that "[p]ersons injured by a negligently loosed animal of dangerous propensities still have the same common law remedy that has always existed under Alabama common law." 419 So.2d at 1345. Regarding that common law remedy, we cited Smith v. Causey,22 Ala. 568 (1853).
In that case this Court set out the elements of the cause of action underlying the remedy:
 "At common law, where an injury to another arises from carelessness in keeping domestic animals, which are not necessarily inclined to do mischief, such as dogs, horses, c., no recovery can be had against the owner, for an injury done by them, unless it is averred and proved that he knew their vicious propensities, and so carelessly and negligently kept them, that injury resulted to the plaintiff therefrom."
22 Ala. at 571. Thus, plaintiffs stated a claim cognizable under the common law of Alabama, not under § 3-5-3. Our holding in Smith v. Causey makes it clear that these plaintiffs' claim is actionable only if the animal involved possessed vicious propensities of which its owner had knowledge. Although defendant proceeded erroneously on § 3-5-3, his affidavit submitted in support of his motion for summary judgment avers that he had never known the horse to be mischievous or otherwise dangerous.
The law is clear that once a motion for summary judgment is made and supported, the adverse party cannot show a genuine issue of fact to preclude summary judgment by resting on its pleadings, but must present facts controverting those presented by the moving party. See Turner *Page 356 v. Systems Fuel, Inc., 475 So.2d 539 (Ala. 1985); Braswell WoodCo. v. Fussell, 474 So.2d 67 (Ala. 1985). Plaintiffs offered no such evidence. We, therefore, must consider it an uncontroverted fact that defendant had no knowledge that the horse possessed dangerous propensities. See, e.g., Garrigan v.Hinton Beef Provision Co., 425 So.2d 1091 (Ala. 1983);Rushton v. Shugart, 369 So.2d 11 (Ala. 1979). Since scienter is an indispensable element of plaintiffs' cause of action under the applicable common law rule, there existed no genuine issue of material fact and defendant was entitled to a judgment as a matter of law, notwithstanding the erroneous categorization of the action under § 3-5-3.
However, appellant argues that the trial court abused its discretion by not, on its own motion, continuing the proceedings in light of the absence of plaintiffs' attorney. We see no merit in that argument and, further, we view it as inappropriate when raised in a direct challenge of a summary judgment.
Absent knowledge of the circumstances accounting for an attorney's absence, the trial court need not even consider the fact that the attorney is absent when ruling on a motion for summary judgment. It is the burden of the parties to the action to bring to the court's attention any such circumstances. Failing to do so before the court rules, the parties waive any direct challenge to that ruling based on the attorney's absence; they must then resort to motions pursuant to either Rule 59(e) or Rule 60(b), A.R.Civ.P., to place before the court the circumstances of the absence in order to challenge the propriety of the ruling in light of them.
We find no abuse of discretion. We hold that the trial court appropriately granted defendant's summary judgment and, thus, we affirm that judgment.
Appellant next contends that the trial court abused its discretion in denying plaintiffs' Rule 60(b)(6) motion to set aside the summary judgment.
In determining whether there is an abuse of discretion, this Court considers the grounds for the motion and the matters presented in support thereof. See Marsh v. Marsh, 338 So.2d 422
(Ala.Civ.App. 1976). The plaintiffs supported their motion with an affidavit which averred that they could have produced evidence controverting that evidence submitted by defendant in support of his motion for summary judgment; that the evidence would have been produced had their first attorney been present at the hearing on the motion; and that his absence denied them effective assistance of counsel, thereby violating their rights to procedural due process of law. Appellant argues that this lack of procedural due process qualifies under Rule 60(b)(6) as "any other reason" justifying relief.
In Sidwell v. Wooten, 473 So.2d 1036 (Ala. 1985), we held that "[i]n an ordinary civil case, the general rule regarding ineffective assistance of counsel is that relief from a court's judgment when a party hired his own lawyer will not be granted on the grounds of incompetent or ineffective counsel." Yet, as with most general rules, there are exceptions.
Relief may be granted where there exist extraordinary circumstances, as where "the personal problems or psychological disorders of an attorney cause him to neglect a case to the extent that a default or summary judgment is entered against the unsuspecting client." Sanford v. Arjay Oil Co.,686 P.2d 566, 571 (Wyo. 1984). See L.P. Steuart, Inc. v. Matthews,329 F.2d 234 (D.C. Cir. 1964), cert. denied, 379 U.S. 824,85 S.Ct. 50, 13 L.Ed.2d 35 (1964); United States v. Cirami, 563 F.2d 26
(2d Cir. 1977). In order to justify relief because of extraordinary circumstances, however, it is not enough to point at the mere fact that one's attorney was absent from a scheduled hearing. Nothing in such a claim indicates that the attorney's failure to appear "'was other than deliberate or the product of neglect,'" United States v. Cirami, 563 F.2d at 34, (quoting Link v. Wabash Railroad Co., 370 U.S. 626,82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); or "the *Page 357 
result of his having taken on too many cases to give proper attention [to the one at hand]," id. (citing Schwarz v. UnitedStates, 384 F.2d 833, 836 (2d Cir. 1967); Cline v. Hoogland,518 F.2d 776, 778 (8th Cir. 1975)). Reasons accounting for the attorney's absence must also be set forth, and they must show a set of extraordinary circumstances. See Sanford v. Arjay OilCo., 686 P.2d 566 (Wyo. 1984) (personal problems or psychological disorders of attorney held extraordinary circumstances); United States v. Cirami, 563 F.2d 26 (2d Cir. 1977) (attorney's "constructive disappearance" due to mental illness held extraordinary circumstances); Vindigni v. Meyer,441 F.2d 376 (2d Cir. 1971) ("the unusual fact of the complete disappearance of plaintiff's attorney" held extraordinary circumstances).
Appellant sets forth no reason explaining the attorney's absence. We find nothing to justify the relief appellant seeks.See United States v. Cirami, 535 F.2d 736 (2d Cir. 1976). Given the lack of evidence supporting the plaintiffs' motion, we find that the trial court did not abuse its discretion in overruling that motion. We affirm.
The summary judgment and the Rule 60(b) ruling are therefore due to be, and they hereby are, affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
JONES, J., concurs in the result.
[1] There were originally two plintiffs. Prior to the appeal of this case, plaintiff Lizzie Bowens died. The other plaintiff was appointed administratrix of her estate. Thus, this appeal is pursued in appellant Lee's individual and representative capacities.