ALMON, Justice.
Nellie B. Dillard appeals from a summary judgment for Southern States Ford, Inc., on her complaint claiming breach of contract, fraud, and breach of warranty, and from the trial court’s refusal to set the summary judgment aside. She raises two issues: one, that a triable question is presented on the merits, and two, that she was denied due process of law in the proceedings by which summary judgment was granted.
When Dillard bought a 1985 Ford Escort station wagon from Southern States on March 3, 1986, she also purchased credit life insurance, an extended service contract, and membership in the Ford Auto Club. The complaint alleges that Southern States breached the extended service contract by failing to repair the car; that Southern States fraudulently misrepresented that “it would be necessary for her to purchase” the extended service contract; and that Southern States suppressed the fact that the automobile was already covered under an extended service contract. By amended complaint, Dillard also alleges that Southern States made and breached an express warranty that the automobile “was in good running order and was fit for Plaintiff’s needs and purposes” and breached an implied warranty of merchantability; and, finally, that the contract and the charges thereunder are unconscionable.
The general sales manager for Southern States stated in his affidavit that there was no warranty on the used car at the time Dillard bought it, and Dillard presented no evidence to the contrary tending to support her claim that Southern States suppressed the fact that the car was already covered under an extended service contract when she bought it. Southern States gave a 90-day warranty, and Dillard’s extended service contract covered repairs made thereafter. Dillard had the car repaired on June 23,1986,112 days after she bought it. Southern States billed $1518.49 for the repairs, but charged Dillard only $50, pursuant to the extended service contract. Three days later, Dillard sent a letter to Southern States cancelling the credit life insurance, the extended service contract, and the membership in the Ford Auto Club. Dillard testified that this reduced her monthly payment from $223 to $184. She later took the car for other repairs that again came to approximately $1500. Dillard submitted her “warranty card” (apparently, proof of the extended service contract), but was told that it had been can-celled.
The complaint was filed on March 27, 1987, and the amended complaint was filed on June 12. Southern States filed a motion for summary judgment supported by an affidavit of its general sales manager, on June 29. On August 10, Dillard’s attorneys filed a motion to withdraw, on the grounds
“That the Plaintiff, having agreed to settle this matter, has not fulfilled her part of the agreement after being given reasonable opportunity to do so; and will not indicate to her counsel whether she will or will not fulfill her part, thereby rendering it unreasonably difficult for her attorneys to continue to represent her.”
The trial court granted this motion on August 17.
On September 16, the court scheduled a hearing on the motion for summary judgment for September 29. The court notified Dillard of this hearing.[1] On the date set, *485 counsel for Southern States appeared, but no appearance was made by or on behalf of Dillard. The court held the matter over until October 2 and, on that date, granted summary judgment for Southern States. On November 2, Dillard, through new counsel, filed a “motion for rehearing,” requesting the court to set aside the summary judgment and grant a rehearing. On January 19, 1988, Dillard filed her affidavit.
On February 3, 1988, the court held a hearing on the motion to set aside the summary judgment. In response to the argument that the grant of summary judgment denied Dillard’s right to due process, the judge explained for the record that his law clerk had telephoned Dillard and told her of the hearing on September 29. The judge then explained that, when she was not present on the 29th, he postponed the hearing and telephoned Dillard’s residence himself, and he said:
“[Tjhey said that it was Ms. Dillard’s residence, but I talked to a male, sounded like a grown male, and informed him who I was and said please tell Ms. Dillard that there is a hearing. I [explained that I had] moved it again to 8:30 on Friday [October 2], [and that if] she didn’t show up when she was supposed to, if she’s not here on Friday then I’ll have no alternative but to go ahead and grant the Motion for Summary Judgment. Eight-thirty Friday came and nobody showed up. I made Mr. Henig wait an additional thirty minutes, sent my law clerk out to check the Court, put out a call over the Court hearing system, still no Plaintiff, so I granted the Motion.”
The February 3 hearing then proceeded to a discussion of the merits of the case, with the court giving Dillard’s attorneys ample opportunity to put forth any evidence in support of the complaint. Dillard testified, and her deposition, taken on June 12, 1987, was introduced. Dillard’s attorneys argue that they were unfairly required at this hearing to present evidence on the merits of their claims, when they came to the hearing prepared only to argue the propriety of the proceedings by which the summary judgment had been granted. This argument presents nothing of merit; there is no support for the contention that, in holding a hearing on the motion to set aside the summary judgment, the court could consider only the procedural aspects of the first hearing without also considering the substantive merits of the summary judgment. After the hearing, the court entered an order denying the motion.
The above recital shows that the claim of a due process violation is meritless. The court made diligent efforts to give Dillard notice and an opportunity to be heard on her complaint. Dillard was given notice and “the opportunity to be heard at a meaningful time and in a meaningful manner.” Jones v. Henderson, 513 So.2d 1020, 1022 (Ala.1987). The fact that she did not avail herself of this opportunity does not show that she was not given the opportunity.
Nor was there any error in the court’s refusal to set aside the summary judgment. The judgment itself reads, in pertinent part: “Upon introduction of depositions and affidavits by the Defendant, with no counter-affidavits from the Plaintiff, as Plaintiff failed to appear, Defendant’s Motion for Summary Judgment is hereby GRANTED.” Thus, not only was the summary judgment proper due to Dillard’s failure to contest Southern States’ evidence, but it can also be supported as being analogous to a dismissal for failure to prosecute. See Rule 41(b), A.R.Civ.P.; Cassady v. Montgomery County Bd. of Ed., 496 So.2d 764 (Ala.1986); Penn v. Irby, 496 So.2d 751 (Ala.1986).
The motion to set aside the summary judgment must be considered a Rule 60(b)(1), A.R.Civ.P. motion; it cannot be considered a Rule 59(e) motion, because it was filed 31 days after entry of judgment. In Lee v. Tolleson, 502 So.2d 354 (Ala.1987), this Court held that the plaintiff was *486 not entitled to 60(b) relief from judgment on the ground that her attorney was absent from the hearing on the motion for summary judgment, because she did not set forth reasons explaining the attorney’s absence. Similarly, Dillard has given no explanation for her failure to appear at the September 29 hearing or to appear on its rescheduled date, October 2.
The ruling on a Rule 60(b)(1) motion is within the sound discretion of the trial court and will not be reversed except for abuse of that discretion. Menefee v. Veal, 484 So.2d 437 (Ala.1986); Maddox v. Druid City Hospital Bd., 357 So.2d 974 (Ala.1978). We see no abuse of that discretion here.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.

. The record before us does not include a copy of any written notice of the hearing that was *485 sent to Dillard, but she admitted at the February 3 hearing that she had received “a letter” about a court date.