INGRAM, Justice.
Martha Brooks Smith appeals from a summary judgment in favor of Lawyers Surety Corporation in its action against Smith seeking indemnity for Lawyers Surety’s costs and expenses incurred in the defense of its bond, issued to Smith as administratrix of the estate of her deceased sister, Lila Mae Brooks.
On March 3, 1988, Lawyers Surety issued an administrator’s bond in the amount of $40,000 to Smith. During the administration of Lila Mae’s estate, Louis Brooks — Smith’s brother — sued Smith, in her individual capacity, for allegedly forging his name to certain insurance checks issued at Lila Mae’s death. Smith sought to be added as a defendant in her official capacity as administrator of Lila Mae’s estate, on the grounds that “all of her actions and conduct [that] created the factual *527 basis of the case sub judice [were] done in her sole and absolute capacity as Administra-trix of the estate of Lila Mae Brooks. Therefore, Mrs. Smith [alleged that] she [was] not legally liable individually to [Louis Brooks].” In this motion, Smith also asked the trial court to notify “her insurer on the Administrator’s Bond.” On April 20, 1989, the trial court granted Smith’s motion and ordered that Smith, in her capacity as administrator, be added as a defendant and that Lawyers Surety be notified.
Lawyers Surety, upon receiving notice, appeared for the purpose of defending Smith in her capacity as administrator. On February 15, 1990, Lawyers Surety moved the court to dismiss Smith in her capacity as administrator, pursuant to Ala.R.Civ.P. 37(b)(2)(C);[1] Lawyers Surety also sought (1) “expenses, including attorney’s fees, caused by her failure to sit for her deposition in this cause,” and “reasonable attorney’s fees and costs ... pursuant to the Alabama Litigation Accountability Act [§ 12-19-272, Ala.Code 1975], for the filing of a frivolous lawsuit which is without substantial justification.” That same day, the trial court granted the motion to dismiss Smith in her capacity as administrator, pursuant to Rule 37(b)(2)(C); however, it denied Lawyers Surety’s request for “sanctions, expenses, attorney’s fees and costs.” The following day, February 16, 1990, the trial court found in favor of Smith and against her brother on all his claims against her.
On October 15,1991, Lawyers Surety sued Smith under the indemnity clause in her administrator’s bond. According to the bond application, in return for an administrator’s bond Smith agreed
“to indemnify [Lawyers Surety] and hold it harmless against the loss, liability, costs, claim damages, and expense, internal or external of whatever kind and nature including but not limited to investigative, accounting, engineering, the fee and disbursement of counsel whether on salary, retainer or otherwise which [Lawyers Surety] may sustain or incur for or by reason of [Lawyers Surety’s] writing said bond.”
Lawyers Surety moved for a summary judgment on the grounds (1) that the evidence showed that it had expended $10,708.11 in attorney fees and costs as a result of being required to defend its bond when Smith requested that she be added, in her capacity as administrator, as a defendant in the prior action, and (2) that the bond contract required Smith to indemnify Lawyers Surety for those attorney fees and costs. Smith did not file a response to the motion for summary judgment and did not appear at the hearing on that motion. On November 12, 1992, the trial court entered a summary judgment in favor of Lawyers Surety.
On December 11,1992, Smith moved to set aside the summary judgment. As grounds for her motion, Smith’s attorney stated:
“1. The undersigned [Smith’s attorney] mistakenly wrote on his calendar that [Lawyers Surety’s] motion for summary judgment was to be heard on December 12,1992, as opposed to November 12,1992.
“2. The undersigned has been extremely preoccupied with a personal legal matter that has consumed ever[y] hour of the day of the undersigned since September 4, 1992.
“3. The undersigned reasonably believes that [Smith] can submit to the Court facts that will show that [Lawyers Surety] is not entitle[d] to the summary judgment as a matter of law.”
The motion to set aside the summary judgment was denied on December 16, 1992. Smith appeals.
In her first argument, Smith says that the trial court erred in failing to set aside the “default” judgment. However, this is not a “default” judgment; rather, the judgment was clearly entered on the merits. The fact that Smith failed to file any opposition to the motion or to appear at the hearing does not mean that the summary judgment was taken because of her default. A summary judgment is proper when the movant makes *528 a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, and the nonmovant fails to produce substantial evidence to show otherwise. See Rule 56, Ala.R.Civ.P.; see also Worley v. Worley, 388 So.2d 502, 505 (Ala.1980). If the non-movant fails to present any evidence to contradict the movant’s prima facie showing, the trial court is compelled to view the evidence as uncontradicted. Johnson v. Passmore, 581 So.2d 830, 832 (Ala.1991); Golden Gulf, Inc. v. AmSouth Bank, N.A., 565 So.2d 114 (Ala.1990); Lee v. Tollepon, 502 So.2d 354, 355 (Ala.1987); Eason v. Middleton, 398 So.2d 245, 248 (Ala.1981); Worley, 388 So.2d at 505. Further, we have specifically held:
“Absent knowledge of the circumstances [surrounding] an attorney’s absence, the trial court need not even consider the fact that the attorney is absent when ruling on a motion for summary judgment. It is the burden of the parties to the action to bring to the court’s attention any such circumstances. Failing to do so before the court rules [on the motion for summary judgment], the parties waive any direct challenge to that ruling based on the attorney’s absence; they must then resort to motions pursuant to either Rule 59(e) or Rule 60(b), A.R.Civ.P., to place before the court the circumstances of the absence in order to challenge the propriety of the ruling in light of them.”
Lee, 502 So.2d at 356.
Therefore, because the circumstances surrounding the absence of Smith’s attorney were not presented to the trial court before it ruled on Lawyers Surety’s motion for summary judgment, Smith has waived any direct challenge to the summary judgment based on her attorney’s absence. Also, viewing the evidence as uncontroverted, we must conclude that Lawyers Surety was entitled, as a matter of law, to the amount awarded as fees and costs, based upon its indemnity agreement with Smith and the affidavit testimony establishing the amount expended by Lawyers Surety in the prior litigation in defense of its bond and in defense of Smith as administrator.
We note that the record reveals that on January 28, 1993, the day after she had filed her notice of appeal, Smith filed a Rule 60(b) motion to set aside the judgment. This Court has not considered that motion in reaching our holding; this opinion is limited solely to the direct appeal of the summary judgment and the denial of Smith’s motion to set aside the summary judgment. In reviewing the summary judgment in favor of Lawyers Surety, we have considered only the evidence that was before the trial court when it rendered that judgment. See Cleveland v. Central Bank, 574 So.2d 741, 743 (Ala.1990).
Based on the foregoing, we affirm the summary judgment in favor of Lawyers Surety.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. During the pendency of Brooks’s action against Smith in her capacity as administrator, Lawyers Surety was unable to depose Smith, despite repeated attempts and trial court orders directing her to submit to deposition.