RICHARD L. HOLMES, Retired Appellate Judge.
The plaintiffs, Jessie Leon Tittle and Judy K. Tittle, filed a complaint to quiet title to certain real property. The defendants, Horace L. Thacker and E. Margaret Thacker, answered the complaint, alleging that they were the true owners of the property.
The plaintiffs filed a motion for summary judgment, pursuant to Rule 56, A.R.Civ.P., with supporting documentation. The trial court granted the plaintiffs’ motion for summary judgment.
The defendants appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
In the main, the defendants contend that the trial court erred in granting the motion for summary judgment because there exists a genuine issue of a material fact.
In order to resolve the major issue, this court must determine what was before the trial court and when certain actions were taken by the trial court. Unfortunately, the record before this court is not a paragon of clarity.
The plaintiffs, in their brief, state to this court that the trial court held a hearing on the motion for summary judgment on September 13, 1998, and on that date took the motion for summary judgment under submission. The plaintiffs further state that at the time that the motion for summary judgment was taken under submission, there was nothing before the trial court in opposition to their motion for summary judgment.
The record reveals that on October 4,1993, the defendants did file certain documents with the trial court which might have created a genuine issue of a material fact. The record further reveals that the trial court entered an order granting the motion for summary judgment in favor of the plaintiffs on October 6, 1993.
This court’s dilemma is to determine whether the trial court did, in fact, take the matter under submission on September 13, 1993.
Our perusal of the record leads us to the conclusion that the trial court held a hearing and took the motion for summary judgment under submission on September 13, 1993.
The above conclusion is based upon the following: In its order granting the motion for summary judgment, the trial court specifically stated that when the motion for summary judgment was heard, “nothing ha[d] been filed in opposition” to the motion. Furthermore, the defendants, in a motion filed with the trial court, indicated that the September 13, 1993, hearing did occur. Additionally, the plaintiffs through their counsel, who is an officer of the court, state that the September 13, 1993, submission did occur.
In view of the above, the following is dis-positive of the main issue before this court.
In order for a motion for summary judgment to be granted, the movant must meet his burden of establishing that there exists no genuine issue of a material fact and that he is entitled to a judgment as a matter of law. Stallings v. Angelica Uniform Co., 388 So.2d 942 (Ala.1980).
It is well settled that once the movant has met this burden, the non-moving party cannot merely rest upon his pleadings to demonstrate a genuine issue of material fact, but must set forth, by affidavit or otherwise, sufficient facts which demonstrate that there exists a genuine issue of a material fact. Lee v. Tolleson, 502 So.2d 354 (Ala.1987); Rule 56(e), A.R.Civ.P. If the non-moving party offers nothing to contradict the evidence presented by the moving party, then the court must consider such evidence uncontroverted. Lee, 502 So.2d 354; Stallings, 388 So.2d 942.
Our supreme court has previously stated that when the trial court takes a motion for summary judgment under submission, the only material which the trial court can consider is that material which was before it at the time of submission. Stallings, 388 So.2d 942; Guess v. Snyder, 378 So.2d 691 (Ala.1979). Once the motion for sum *808 mary judgment has been taken under submission, any material which might be filed with the court comes too late, and the trial court cannot be said to have erred for its failure to consider any evidence which had not been presented at the time of submission. Stallings, 388 So.2d 942; Guess, 378 So.2d 691.
In light of the above, those documents which were filed by the defendants on October 4, 1993, came too late. At the time that the motion was taken under submission, “nothing ha[d] been filed in opposition” to the motion. The only documents from the defendants that were before the trial court related to the defendants’ answer to the plaintiffs’ complaint. No additional documents were filed in response to the summary judgment motion until after the motion was taken under submission. Consequently, we cannot say that the trial court erred when it granted the plaintiffs’ motion for summary judgment.
In addition to the above, the defendants contend that the trial court erred when it overruled their motion for relief from the judgment, pursuant to Rule 60(b), A.R.Civ.P. The defendants requested that the trial court set aside the summary judgment due to excusable neglect on the part of the defendants’ prior counsel because he failed to file anything in opposition to the pending motion for summary judgment and he failed to appear at the hearing on the motion. The defendants contend that because their prior counsel filed his notice of appearance in the case on September 2,1993, and the hearing on the motion was held September 13, 1993, their prior counsel did not have sufficient time to become involved in the case and to prepare a response to the pending motion for summary judgment. In documents filed with the trial court on October 4, 1993, the defendants state that their prior counsel was not present at the September 13, 1993, hearing because he did not arrive at the courthouse until 9:00 a.m. for the hearing which was set for 8:20 a.m.
We note that the decision to grant or deny a Rule 60(b) motion is within the sound discretion of the trial court and that such decision will not be reversed unless it is clearly shown that the trial court abused that discretion. Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826 (Ala.1991); Dillard v. Southern States Ford, Inc., 541 So.2d 483 (Ala.1989). Our review of the record reveals no such abuse of discretion.
In fact, our review of the record reveals the following: The defendants’ first attorney filed a motion to withdraw on June 24, 1993, due to a conflict of interest. The plaintiffs filed their motion for summary judgment on August 20, 1993, and the hearing on the motion was set for September 3, 1993. The defendants retained new counsel on August 19, 1993, and this attorney filed his notice of appearance in the case on September 2,1993. In their brief to this court, the counsel for the defendants states that the defendants’ prior counsel made a request that the September 3, 1993, hearing be continued and that the hearing on the motion was continued to September 13, 1993.
It appears to this court that the defendants’ prior counsel was well aware that there was a motion for summary judgment pending, yet he failed to file anything in opposition to this motion. In addition, we note that there is nothing in the record to indicate that the defendants’ prior counsel had anything prepared to file at the September 13, 1993, hearing on the motion for summary judgment.
In Lee, 502 So.2d 354, our supreme court stated that a trial court does not have to consider the fact that an attorney is absent when it rules on a motion for summary judgment if the court is without knowledge of the reasons for the absence. It does not appear from the record that the trial court was made aware of the reasons for the absence of the defendant’s prior counsel.
The general rule is that when a party has obtained his own counsel, relief from a judgment of the court will not be granted due to the fact that such counsel was ineffective or incompetent unless extraordinary circumstances exist. Lee, 502 So.2d 354. We find nothing which establishes the existence of extraordinary circumstances in this case.
*809 In view of the above, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.