On Application for Rehearing

CRAWLEY, Judge.
The opinion of February 23, 1996, is withdrawn, and the following opinion is substituted therefor. Thomas Joel Barnes sued Jason Jayne and Jayne’s employer, John Norman, owner of Norman’s Chevron Service Center, alleging that he had been assaulted by the worker on the owner’s premises. More than a year after the action was filed, Norman filed a motion for summary judgment, supported by his affidavit stating that at the time of the incident, Jayne was his employee but that Jayne was not acting in the line and scope of his employment or in the furtherance of his business and would have been acting solely for personal reasons. Although Barnes’s attorney attended and participated in the hearing on Norman’s motion for summary judgment, nothing was filed in opposition to the motion. Jayne also attended the hearing on the motion.
On December 22, 1994, the trial court entered a summary judgment in favor of Norman and made that judgment final pursuant to Rule 54(b), A.R.Civ.P. Barnes did not appeal that judgment. On April 12, 1995 (less than four months after the date of the judgment), a new attorney for Barnes filed a motion for relief from the judgment pursuant to Rule 60(b), A.R.Civ.P. Barnes’s ground for his motion-was an allegation that his first attorney had denied him effective assistance of counsel by not engaging in discovery and not opposing the owner’s motion for summary judgment. He also alleged that “if he is permitted to engage in reasonable Discovery with his ‘new’ attorney, he will be able to present a meritorious ‘Opposition’ to the motion for summary judgment.” On April 20, 1995, the trial court denied Barnes’s motion for relief from judgment. On May 31, 1995, Barnes filed a “Petition for Permission to Appeal,” which the Supreme Court treated as a timely notice of appeal.
*1142 This ease was transferred to this court by the Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6).
Our Supreme Court has held, “[i]n an ordinary civil case, the general rule regarding ineffective assistance of counsel is that relief from a court’s judgment when a party hired his own lawyer will not be granted on the grounds of incompetent or ineffective counsel.” Sidwell v. Wooten, 473 So.2d 1036, 1039 (Ala.1985). Our Supreme Court stated that exceptions to the general rule in Sidwell are “where ‘the personal problems or psychological disorders of an attorney cause him to neglect a case to the extent that a default or summary judgment is entered against the unsuspecting client.’” Lee v. Tolleson, 502 So.2d 354, 356 (Ala.1987) (citations omitted). Barnes has not alleged any of the exceptions stated in Lee that would justify a reopening of his case. Therefore, the judgment of the trial court denying his motion for relief of judgment is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.