CRAWLEY, Judge,
concurring in the result.
Centennial moved for a summary judgment and attached the affidavit of its underwriter, Cynthia A. Jefferson, who stated that Johnson’s prior conditions were “material to the acceptance of the risk.” Johnson presented nothing in response to Centennial’s motion. Because Johnson failed to present any evidence to contradict Centennial’s pri-ma facie showing, we must view Centennial’s evidence as uncontradicted on the breach of contract claim. See Smith v. Lawyers Sur. Corp., 624 So.2d 526 (Ala.1993). Therefore, I disagree with this court that the following issue was for the jury: whether Johnson’s alleged misrepresentation of her health history materially increased Centennial’s risk of loss.
Nevertheless, I concur in the result of the reversal of the breach of contract claim because I believe Centennial had already waived the defense it asserted on motion for summary judgment (Johnson’s misrepresentation of material facts in her application for insurance) by failing to plead that defense in its answer, in fact by conceding the issue in its answer when it stated that it “admit[ted] that plaintiff entered into a contract of insurance with Centennial.”