THOMAS, Judge.
Patrick Alfred Carney (“the former husband”) appeals from the Etowah Circuit Court’s order denying his Rule 60(b), Ala. R. Civ. P., motion to set aside its judgment divorcing the former husband and Vivía S. Carney (“the former wife”) and dividing the parties’ marital assets. We affirm.
On November 9, 2010, the trial court entered a judgment divorcing the parties and dividing their marital assets. On December 30, 2010, Leon Garmon, the former husband’s trial attorney, filed a “Nunc Pro Tunc and Motion to Clarify the Final Judgment of Divorce.” The trial court denied the former husband’s untimely postjudgment motion on January 19, 2011.[1]
On March 10, 2011, after obtaining new counsel, the former husband filed a Rule 60(b)(6), Ala. R. Civ. P., motion seeking relief from the divorce judgment. Specifically, the former husband’s Rule 60(b) motion stated that Garmon and his office staff had advised the former husband that Gar-mon had filed a timely postjudgment motion regarding the divorce judgment in the trial court and that Garmon was waiting for a response from the trial court, although in actuality Garmon had failed to file a postjudgment motion until December 30, 2010. The motion further stated that Garmon’s staff had informed the former husband that Garmon was retiring in December 2010 and had referred him to Randy Phillips, another local attorney, to seek out further assistance regarding developments in his divorce case. Additionally, the motion stated that on January 27, 2011, the former husband met with Phillips regarding the status of his case and was informed that Garmon had not filed any type of postjudgment motion until December 30, 2010, which was outside the 30-day period provided for filing a motion to alter, amend, or vacate the trial court’s judgment. See Rule 59, Ala. R. Civ. P. Because the 42-day period for filing an appeal had also expired, see Rule 4, Ala. R.App. P., the former husband was also informed that he had no recourse for appealing the judgment. The motion also alleged that on January 28, 2011, the former husband was informed that Garmon had not retired but had instead voluntarily surrendered his Alabama State Bar license on December 31, 2010; that same day, the *72 former husband retrieved his case file from Garmon’s office and began contacting other attorneys in an attempt to revive his case and appeal the divorce judgment. Thus, in his motion, the former husband asserted that Garmon had continuously and actively misled the former husband into believing that Garmon had filed a timely postjudgment motion and that, upon learning that Garmon had not filed a timely postjudgment motion, he had diligently sought out legal representation and filed a Rule 60(b) motion.
In response to the Rule 60(b) motion, the former wife argued that the former husband was not entitled to relief under Rule 60(b)(6) because his claim for relief fell under Rule 60(b)(1) and because the former husband had filed the Rule 60(b) motion more than four months after the entry of the November 9, 2010, judgment. The trial court conducted a hearing regarding the former husband’s Rule 60(b) motion. Following that hearing, on May 19, 2011, the trial court denied the former husband’s Rule 60(b) motion. The former husband timely appealed the denial of his Rule 60(b) motion to this court.
This court reviews a trial court’s ruling on a Rule 60(b) motion to determine whether the trial court exceeded its discretion. McArdle v. Bromfield, 540 So.2d 91, 93 (Ala.Civ.App.1989) (“[T]he grant or denial of a Rule 60(b) motion is subject to reversal only if the trial court abused its discretion.” (citing Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala.1981))).
Rule 60(b) provides, in pertinent part:
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.”
In this case, the former wife argued that the former husband’s Rule 60(b) motion was due to be denied because, she said, the former husband was not entitled to relief under Rule 60(b)(6); rather, she asserted, the former husband’s claim fell under Rule 60(b)(1) and had been asserted untimely because he had filed the Rule 60(b) motion more than four months after the entry of the November 9, 2010, judgment. However, our supreme court
“has determined ... that an extraordinary circumstance exists that can be considered as a basis for relief under Rule 60(b)(6), despite the fact that it also can serve as a basis for relief under Rule 60(b)(1):
“ ‘[Wjhere a motion for relief is filed more than four months after dismissal of the case where the dismissal was the result of the mistake, inadvertence, or excusable neglect of counsel, but the delay in filing the motion for relief was due to the active misrepre *73 sentation by counsel to his client as to the status or progress of the case’ ”
Ex parte Branson Mach., LLC, 78 So.3d 950, 958 (Ala.2011) (quoting Chambers Cnty. Comm’rs v. Walker, 459 So.2d 861, 865 (Ala.1984)) (emphasis added); see Ex parte Oden, 617 So.2d 1020, 1025-26 (Ala.1992) (reversing a denial of a Rule 60(b) motion and stating that “Dr. Oden’s diligent efforts in the face of the alleged persistent manipulation, inaction, and deception by his attorney at least arguably present the sort of extraordinary circumstances contemplated by Rule 60(b)(6)”).
In this case, the former husband’s Rule 60(b) motion clearly stated that Garmon, his previous attorney, had actively misrepresented to him that Garmon had filed a postjudgment motion seeking relief from the divorce judgment when, in actuality, Garmon had failed to file a motion seeking relief until December 30, 2010, which was outside the period provided for seeking relief from the judgment under Rule 59. The trial court conducted a hearing regarding the former husband’s Rule 60(b) motion. At the hearing, the record shows that the former husband’s counsel and the former wife’s counsel presented only legal arguments regarding the Rule 60(b) motion. At the hearing, the former wife’s counsel stated: “Judge, we don’t disagree with anything in the chronology with regard to dates. We would agree with that entirely. Agree with what’s been said.” However, based on this statement we cannot conclude that the former wife’s counsel stipulated to the underlying facts contained in the motion; instead, we determine that he stipulated only to the pertinent dates.
Moreover, the former husband did not testify at the hearing regarding the allegations of Garmon’s consistent misrepresentations. Additionally, the former husband and his attorney failed to present any other form of evidence to support the allegations contained in the Rule 60(b) motion; the record does not contain an affidavit or a verified pleading attesting to the allegations. Thus, there was no evidence, through either an affidavit or testimony, but only arguments of counsel presented in support of the former husband’s Rule 60(b) motion. See Fountain Fin., Inc. v. Hines, 788 So.2d 155, 159 (Ala.2000) (“ ‘Motions and arguments of counsel are not evidence’” (quoting Williams v. Akzo Nobel Chems., Inc., 999 S.W.2d 836, 845 (Tex.App.1999))).
In Lee v. Tolleson, 502 So.2d 354, 357 (Ala.1987), our supreme court affirmed a trial court’s denial of a party’s Rule 60(b) motion on the ground that the trial court could not have exceeded its discretion given that the record lacked evidence supporting the party’s motion. In Lee, our supreme court noted that, “[i]n determining whether there is an abuse of discretion, t[he] [cjourt considers the grounds for the motion and the matters presented in support thereof.” 502 So.2d at 356. Additionally, in Marsh v. Marsh, 338 So.2d 422, 423 (Ala.Civ.App.1976), this court affirmed a trial court’s denial of a Rule 60(b) motion because the party had failed to provide evidence to support the grounds he asserted in his Rule 60(b) motion. Specifically, in Marsh this court stated:
“In determining whether there was an abuse of discretion, the reviewing court looks to the grounds presented by the motion and matters presented in support thereof. In this case, nothing by way of testimony or affidavit was presented. The motion primarily charged that the judgment was contrary to the stipulation of the parties in relation to the amount of the attorney fees granted. The record of the stipulation presented on appeal does not support the charge.”

Id.

In this case, as noted above, the former husband failed to present any evidence *74 supporting the allegations contained in his Rule 60(b) motion. Therefore, like in Marsh and Lee, we cannot conclude that the trial court exceeded its discretion in denying the former husband’s Rule 60(b) motion for relief from the divorce judgment. Accordingly, we affirm the trial court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. The former husband's postjudgment motion was untimely because it was filed on December 30, 2010, which was outside the 30-day period provided for filing a motion to alter, amend, or vacate the trial court's judgment. See Rule 59, Ala. R. Civ. P.