This is an appeal from a denial of a Rule 60 (b)(1), Ala.R.Civ.P., motion to set aside a judgment dismissing the action. We affirm.
On October 17, 1983, the plaintiffs filed in the Circuit Court of Jefferson County a bill to quiet title to real estate. On June 22, 1984, Judge Thompson entered the following order:
"SUBMISSION ORDER
 "This cause was set on the June 22, 1984, CALL DOCKET. The purpose of this docket is to dispose of cases which have been burdening the docket for an inordinate period of time and which, apparently, should be disposed of without further, lengthy delay.
 "From an examination of the record in this cause, it appears to the Court that the following order should be made, either by consent of counsel or by the action of the Court ex mero motu.
 "`Accordingly, it is ORDERED, ADJUDGED and DECREED by the Court that within a period of 60 days this case shall be submitted to the Court for a dispositive order or with a request by counsel for a setting of the action for trial on the merits.' *Page 438 
 "Counsel of record for the parties in this action are requested to please cooperate with the Court in disposing of this case, but if such cooperation be not forthcoming, the Court will act in accordance with the foregoing expressions."
On February 5, 1985, Judge Thompson rendered a final judgment in the case as follows:
 "This action was previously called up for consideration by the court on its CALL DOCKET on June 22, 1984.
 "As a consequence, on June 22, 1984, the Court directed that within 60 days this action shall be submitted to the Court for a disposition order or a request by counsel for a setting of the cause for trial on the merits.
 "Counsel of record for the parties have been given written notice by mail of the above events and order.
 "Notwithstanding the foregoing, no action has been taken or procedure initiated within the allotted time to conclude the controversy involved here or move it towards such disposition.
 "In consideration of such, the Court finds that this action is due to be dismissed for want of prosecution.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that this action is dismissed and the costs taxed against the Plaintiff."
The plaintiffs filed a Rule 60 (b)(1) motion on March 7, 1985, requesting that this judgment be set aside. It read as follows:
 "Come now the Plaintiffs and move this court for an order granting relief from the final judgment entered on February 5, 1985. As grounds for said motion Plaintiffs say as follows:
 "1. On June 22, 1984, Your Honor issued an order which stated:
 "`Accordingly, it is ORDERED, ADJUDGED AND DECREED by the Court that within a period of 60 days this case shall be submitted to the Court for a dispositive order or with a request by counsel for a setting of the action for trial on the merits.'
 "2. Plaintiffs' counsel failed to request a setting for trial due to excusable neglect, inasmuch as, Plaintiffs' counsel understood the order to read that in the absence of a request by counsel for a trial setting (second alternative), this case would be submitted to the court, ex mero motu, for a dispositive order (first alternative).
 "3. At the hearing on June 22, 1984, your Honor ordered Plaintiffs' counsel to complete service on all parties within 60 days. This was accomplished on July 30, 1984.
 "4. Plaintiffs' counsel mistakenly surmised that after perfecting service this case would be placed upon the trial docket in its normal course, without further request or action by Plaintiffs' counsel.
 "5. It is in the best interest of justice that this case be heard by Your Honor and that the respective rights of the parties be adjudicated so as to clear the cloud on the title of the property which forms the basis of this action."
A hearing on this motion was set for March 22, 1985; however, the plaintiffs failed to appear at that time. On March 22, 1985, Judge Thompson entered an order denying the motion. Hence, this appeal.
An appeal from the denial of a Rule 60 (b) motion does not bring up for review the correctness of the judgment which the movant seeks to set aside, but is limited to deciding the correctness of the order appealed from. Raine v. First WesternBank, 362 So.2d 846 (Ala. 1978). The denial of a motion under Rule 60 (b)(1) is a matter within the sound discretion of the trial court, subject to review only upon an abuse thereof.Maddox v. Druid City Hospital Board, 357 So.2d 974 (Ala. 1978). In order for a movant to obtain relief under Rule 60 (b)(1), he or she must allege and prove one of the grounds set out therein. Rule 60 (b)(1), supra; Raine v. First Western Bank,supra.
In the present case, the motion to set aside the judgment sets out grounds of mistake and/or excusable neglect under *Page 439 
Rule 60 (b)(1). The plaintiffs argue that, notwithstanding their failure to appear at the hearing, under Rule 11, Ala.R.Civ.P., the trial court should have considered their motion as an affidavit by their counsel in support of the requested relief. Even assuming this to be true, we cannot say that Judge Thompson abused his discretion in this case by denying the motion. The record shows that this case was pending on the trial court's docket for approximately nine months prior to the June 22, 1984, submission order. That order is not ambiguous. It required plaintiffs' counsel to request a setting of the case for trial on the merits within 60 days or have it submitted to the court for a disposition order. Plaintiffs' counsel stated in the motion that he "mistakenly surmised that after perfecting service this case would be placed upon the trial docket in its normal course, without further request or action." The reason for this erroneous assumption is not stated in the motion; however, counsel argues in his brief that it is the local practice in Jefferson County for a case to be automatically placed upon the trial docket. He also argues that it was a procedural impossibility for him to request a trial setting within 60 days from the date of the submission order because service was not perfected on two of the named defendants until July 30, 1984. He insisted that because these defendants had 30 days in which to file an answer, he would have been placed in the position of requesting a trial date prior to the filing of their answer.
We need not reach the merits of these arguments, as they should have been directed to Judge Thompson at the March 22, 1985, hearing. We do note that this case was not dismissed until approximately seven months after the June 22, 1984, submission order, and approximately six months after service was perfected. At that time the plaintiffs were afforded the opportunity to have a hearing on their motion, and they failed to take advantage of it.
Finding no abuse of discretion on the part of Judge Thompson, we affirm his order denying the plaintiffs' Rule 60 (b)(1) motion.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.