King Metals Company, now known as Building Technologies, Inc., was a foreign corporation not qualified to do business in Alabama. It sells agricultural roofing, siding, and accessories. James Royce Blackmon, a construction contractor doing business as Blackmon Construction Company, placed telephone orders with King Metals on April 7 and April 15, 1987, for $18,301.13 worth of metal products. Both orders were shipped on April 16, 1987. Blackmon received and accepted the metal products, but has not paid for them.
On November 9, 1987, King Metals sued Blackmon on open account and for goods sold and delivered, seeking to recover the purchase price of $18,301.13. Blackmon counterclaimed, seeking $6,000 in damages for King Metals' alleged failure to deliver merchandise in a timely manner. On October 4, 1988, after evidence was presented ore tenus, the trial court rendered judgment in favor of King Metals on its claim against Blackmon and on Blackmon's counterclaim. On November 4, 1988, Blackmon filed a Rule 59, A.R.Civ.P., motion for new *Page 106 
trial and asked for relief from judgment under Rule 60(b), along with a request for admissions of fact, raising as defenses, for the first time, the Statute of Frauds and the fact that the plaintiff corporation was not qualified in Alabama. This motion was deemed denied after 90 days, pursuant to Rule 59.1. Blackmon now appeals from the judgment.
On appeal, Blackmon argues that the judgment should be reversed because, he argues, there is no writing sufficient under Ala. Code 1975, § 7-2-201, the Alabama Statute of Frauds, to indicate that a contract for sale had been made between King Metals and Blackmon. He further argues that King Metals, as a foreign corporation not qualified to do business in Alabama, was precluded from suing him, because of § 10-2A-247. These issues were first presented to the trial court after the ore tenus hearing on Blackmon's post-judgment motion. It is in the trial court's discretion whether to deny or grant relief under Rules 59 and 60, and its decision will not be reversed on appeal absent an abuse of that discretion. Menefee v. Veal,484 So.2d 437 (Ala. 1986); Brown v. Brown, 513 So.2d 617
(Ala.Civ.App. 1987). This Court has also held:
 "[A] trial court has the discretion to consider a new legal argument in a post-judgment motion, but is not required to do so. We will reverse only if the trial court abuses that discretion."
Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1369-70
(Ala. 1988).
The trial court did not abuse its discretion in rejecting Blackmon's new legal arguments made in his post-judgment motions. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.