RUSSELL, Judge.
Cornelius Ellis (employee) brought this action under Alabama’s workmen’s compensation laws to recover benefits from W.J. Rhodes, d/b/a Excavating & Construction Service Company (employer), for an injury resulting from an accident which allegedly occurred during his employment. The employer was served on July 25, 1989, and a default judgment was entered on June 6, 1990. On October 1, 1990, the employer filed a Rule 60(b), Alabama Rules of Civil Procedure, motion to set aside the default judgment, which was denied by the trial court. The employer appeals. We affirm.
The dispositive issue is whether the trial court abused its discretion when it refused to set aside the default judgment.
At the outset we note that an appeal from a denial of a Rule 60(b) motion is limited to deciding the correctness of the order appealed from, rather than the correctness of the judgment sought to be set aside. Menefee v. Veal, 484 So.2d 437 (Ala.1986). The denial of a Rule 60(b)(1) motion is a matter within the trial court’s discretion and is subject to review only upon an abuse of that discretion. Id. A movant must allege and prove one of the grounds set out therein to obtain relief under Rule 60(b)(1). Id.
The trial court found that the employee sustained back and other injuries as a result of an accident arising out of and in the course of his employment with the employer and that the employer received timely notice of the injury. Evidence was presented on the issue of damages, and the trial court determined the amount to be paid by the employer as a result of the employee’s temporary total disability and permanent total disability.
The evidence further indicates that the employee’s attorney notified the employer’s attorney, with whom he had been in contact, that he was preparing suit in the case and inquired whether the attorney would accept service for the employer. The employer’s attorney responded that he was not authorized to accept service. Subsequently, the employer was served.
The employer (apparently represented by its insurance carrier) contends that the default judgment should be set aside for “mistake, inadvertence, surprise, or excusable neglect” under Rule 60(b)(1), as well as for any other reason justifying relief under Rule 60(b)(6). It claims that, because the employer is no longer doing business in Montgomery, Alabama, and its president has moved and cannot be found, it has been unable to determine why the president did not take action after service of the complaint. It further claims that the president may have been moving at the time that he was served, but this cannot be determined. For further support, the employer also argues that there had been numerous contacts between the attorneys; therefore, the attorney for the employer should have been notified of the filing of the complaint. However, we note that the employer was properly served after the attorney was notified that suit was being prepared and asked if he was authorized to accept service. In view of these facts, we cannot find that the trial court abused its discretion in refusing to grant the Rule 60(b) motion.
The employer also contends that the default judgment is void because, it claims, the exchange of correspondence between the two parties constitutes an appearance *1234 requiring that the employee give three days’ notice to the employer under Rule 55(b)(2), A.R.Civ.P. However, settlement negotiations conducted before or after the date that suit is filed do not constitute an appearance which would invoke the three day notice requirement of Rule 55(b)(2). Lee v. Martin, 533 So.2d 185 (Ala.1988). Therefore, we find that the judgment is not void because the three day notice was not given.
Based on the above, this ease is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and, THIGPEN, J„ concur.