SHORES, Justice.
The appellee, Wisconsin Brands, Inc., Carnivore Meat Division (“Wisconsin Brands”) sued Donald Mitten, d/b/a Triumvirate Provision and Leasing Company, when he failed to pay for dog food shipped to him by Wisconsin Brands to feed dogs he was racing at the Victoryland track in Macon County, Alabama. The trial court entered a summary judgment against Mitten. Thirteen months later, Mitten filed a motion for relief from the judgment, pursuant to Rule 60(b), A.R.Civ.P. Mitten now appeals from the denial of that motion. We affirm.
The only issue on appeal is whether the trial court erred in denying Mitten’s Rule 60(b) motion. The record reflects that the summons and the complaint were served on September 17, 1988, and that Mitten filed an answer on October 7, 1988. On November 14, 1988, the trial court set a hearing on Wisconsin Brands’ motion for summary judgment, ordering that the clerk serve notice on all attorneys of record and on all unrepresented parties. Notice was sent to *998 the address provided by Triumvirate and was not returned unserved. The trial court entered the summary judgment against Mitten on March 23, 1989.
On April 27, 1990, Mitten filed his Rule 60(b) motion. He alleged, as grounds for relief from the summary judgment, that notice of hearings and judgments were not served by the clerk of the Circuit Court of Macon County, although Mitten’s receipt of service of the summons and the complaint on September 17, 1988, is not disputed. Mitten also does not dispute that he was served with a copy of Wisconsin Brands’ motion for summary judgment, along with an affidavit and exhibits.
It is settled law that the extraordinary remedy provided by Rule 60(b), A.R.Civ.P., is not for the purpose of relieving a party from the consequences of his free, calculated, and deliberate choices. Smith v. Clark, 468 So.2d 138 at 142 (Ala.1985). Rule 60(b) states in part:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.”
Mitten contends that the trial court clerk did not serve a copy of the court’s order scheduling the summary judgment hearing at his last known address, and, thus, that the summary judgment is “null and void” for want of service. We disagree.
The trial judge explained his denial of the defendant’s Rule 60(b) motion as follows:
“The Court has considered defendant’s motion for relief from judgment. Defendant testified that following the filing of an answer he received no orders from the circuit clerk’s office. The file reflects that the Court’s order granting summary judgment and the Court’s order establishing damages were returned with an indication that the box was closed. An envelope attached to defendant's answer showed a return address of Box 325, Shorter, Alabama. The order setting the hearing on plaintiff’s motion for summary judgment was not returned unserved. For aught that appears, the notice setting a hearing on summary judgment was received. Defendant testified that he instructed an employee to prepare his answer and to sign it for him. The envelope attached to the answer was clearly prepared by the person who prepared the answer. The Court is of the opinion that defendant had an obligation to furnish the Court with an accurate address. Furthermore, as stated above, it would appear that the notice setting the motion for summary judgment was received.
“It is, therefore, ORDERED, ADJUDGED and DECREED that defendant’s motion for relief from judgment is due to be and hereby is denied.”
A ruling on a Rule 60(b) motion falls within the judicial discretion of the trial court, and an appellate court is authorized to disturb such a ruling only for an abuse of discretion. Menefee v. Veal, 484 So.2d 437 (Ala.1986); Wise v. Louisianar-Pacific Corp., 539 So.2d 1061 at 1062 (Ala.Civ.App.1988). We have carefully reviewed the record and the evidence in this case, and we find no abuse of discretion.
For this reason, the judgment denying the Rule 60(b) motion is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.