MURDOCK, Justice.
Branson Machinery, LLC (“Branson”), petitions this Court for a writ of mandamus directing the Blount Circuit Court to vacate its order setting aside a default judgment entered in Branson’s favor against Hilltop Tractor, LLC (“Hilltop”), and Jeffrey D. Williams. We grant the petition.

I. Facts and Procedural History

Branson is a Georgia limited-liability company in the business of manufacturing and selling tractors, industrial trucks, and related equipment. Hilltop is an Alabama limited-liability company owned by Williams that from time to time purchased equipment from Branson on credit, agreeing to pay Branson for each item of equipment within 30 days of delivery. Hilltop began purchasing equipment frota Bran-son in April 2007.
According to Branson, by June 17, 2009, Hilltop owed Branson $79,699.46 for equipment it had purchased. Because it had not received payment for the equipment, Branson filed a breach-of-contract action against Hilltop and Williams on August 31, 2009, in the Blount Circuit Court.
The complaint was served on Hilltop and Williams on September 4, 2009. The summons accompanying the complaint expressly stated that
“THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT....
“THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.”
(Capitalization in original.)
On October 1, 2009, Williams, acting without counsel, sent a letter to Branson’s counsel. In pertinent part, the letter provided:
“I am writing in concern to the case that Branson Machinery, LLC had against my company. In line 7 of the *952 [complaint’s] Statement of Fact[s] it shows that true and accurate copies of invoices are attached hereto as Exhibit A. In fact the invoice that is attached is not a true and accurate copy. This is due to the fact that Warranty Claims have been filed with Branson Machinery and these claims have not been processed by Branson. These Claims that we have file[d] add up to $22,846.93. If the warranty claims are processed, my company’s] balance should be $56,852.53. This balance is also in warranty work and will be submitted very soon to Branson Machinery. We have been making effort[s] to get the matter taken care of but have run into walls on Branson’s side. We have filed claims in the past with Branson rejecting some or all of the warranty claims. They have kick[ed] claims back saying they would not pay labor that was involved with a repair. If we had better cooperation from Branson, this matter could be settled quickly. If you have any questions concerning this case, please give me a call and I will be glad to help!”
Williams did not file this letter or any answer to Branson’s complaint with the trial court.
On October 30, 2009, Branson filed an application with the trial court for the entry of a default judgment. Because the trial court’s record did not indicate that the complaint had been served on Hilltop and Williams, the trial court initially denied Branson’s application for default. On November 5, 2009, Branson filed an amended application for the entry of a default judgment that included proof that Hilltop and Williams had been served on September 4, 2009. On November 9, 2009, the trial court entered a default judgment in favor of Branson and against Hilltop and Williams in the amount of $79,699.46 plus court costs.
Following the entry of the default judgment, Branson’s counsel engaged Hilltop and Williams in settlement negotiations. On November 11, 2009, counsel for Bran-son sent Williams a letter that provided, in pertinent part, as follows:
“I understand from Ted Kim that you are agreeable to signing a workout agreement regarding your debt to [Branson], I have enclosed the workout agreement for your notarized signature. Please sign the agreement, have it notarized, and return to me immediately (in no event later than November 17, 2009). In exchange for your execution of this workout agreement, [Branson] will forebear on levying on your assets with the enclosed Default Judgment.”
The attachments to the letter included a “workout agreement” expressing the exact terms of the settlement, as well as a copy of the default-judgment order.
The workout agreement stated that it was “in reference to a debt owed by [Hilltop and Williams] to [Branson]” and that “[t]his account has become past due.” Pertinent provisions of the workout agreement included the following:
“1. HILLTOP agrees and acknowledges that the current principal debt owed by HILLTOP to BRANSON is $79,699.46, which is in default.
“2. A default judgment has been issued by the Circuit Court of Blount County, Alabama in favor of BRANSON and against HILLTOP in the amount of $79,699.46. HILLTOP agrees to owing this amount to BRANSON and agrees not to contest the validity or enforceability of the default judgment.
“3. HILLTOP agrees to pay in full the debt referenced at paragraph 1. HILLTOP will make monthly payments to BRANSON on the debt, with the full remaining debt to be paid on or before November 15, 2010. All payments will *953 be in the form of cash or certified funds to Ted (Tae) Kim at Branson Machinery LLC, 2100 Cedartown Hwy, Rome, Georgia 30161.
“4. If HILLTOP makes payments as set forth in paragraph 3, and meets all other obligations under this agreement, then BRANSON will have the default judgment marked satisfied. Should HILLTOP default on any provision of this agreement, BRANSON will retain the right to collect the full judgment against HILLTOP and may undertake any enforcement, execution, or other collection action BRANSON deems appropriate without notice to HILLTOP.
“5. HILLTOP has proposed this as a voluntary workout agreement and will accelerate payment if possible.
“6. Time is of the essence in HILLTOP’S performance of this agreement. This agreement represents the full agreement of the parties as to the terms of this workout, and neither party has relied on any other representations or promises of any kind. Its authorship shall not be a basis for construing it in favor of or to the detriment of either party.
[[Image here]]
“8. HILLTOP hereby releases BRAN-SON and its officers, directors, parent companies, affiliates, representatives, attorneys, successors and assigns from any and all liability, debts, causes of action, or claims of any kind now known or hereafter discovered.
“9. HILLTOP understands that it has a right to have this agreement reviewed by an attorney before signing. HILLTOP has sought advice of counsel or not as HILLTOP sees fit and was not coerced in any way by BRANSON or its counsel into signing this agreement as written.”
(Capitalization in original; emphasis added.) Williams signed the workout agreement on behalf of Hilltop without seeking any advice from counsel.
At some point (the parties do not provide an exact date), Hilltop became unable to meet the payment terms of the workout agreement. Accordingly, on April 21, 2010, Branson filed garnishment paperwork with the trial court seeking to enforce the default judgment. On June 7, 2010, Branson filed a motion to disburse the funds received pursuant to the garnishments, which amounted to approximately $7,000.
Hilltop and Williams then hired counsel, and on July 1, 2010, their counsel filed a motion to set aside the default judgment. The motion did not state whether it was being filed pursuant to Rule 55(c) or Rule 60(b), Ala. R. Civ. P. The motion stated the following as “grounds” for setting aside the default judgment:
“1. That the Defendants were acting ‘pro se’ at the time this case was filed, at the time the original Answer was filed, and at the time this case was set for Hearing.
“2. That these Defendants, acting pro se, sent a letter to the attorney for Plaintiff. That these Defendants, being unlearned in law, did not realize that a copy of this letter, which was intended to be their ‘Answer,’ also needed to be filed with the Clerk of the Court.
“3. That these Defendants have a meritorious defense to the debt claimed and allegations made in the Complaint by the Plaintiffi], and the Plaintiffi] itself has even issued a letter stating that [it was] to pursue the debt claimed in this case from another party.
“4. That no party would be prejudiced by ‘setting aside’ this Default Judgment and allowing each party to present their *954 respective positions for a judicial resolution.
“5. That the law deplores a Default Judgment, and justice can only be served by ‘setting aside’ this Default and reinstating this case to the Trial Docket.”
On September 22, 2010, the trial court held a hearing on Hilltop and Williams’s motion to set aside the default judgment. In the hearing,[1] counsel for Hilltop and Williams submitted to the trial court the October 1, 2009, letter Williams sent to Branson as well as the cover letter and workout agreement that Branson sent Hilltop and Williams on November 11, 2009. Branson’s counsel acknowledged receiving the October 1, 2009, letter, and he acknowledged that he did not inform the trial court that he had been in contact with Williams before the entry of the default judgment on November 9, 2009. Counsel for Branson noted that he was not required to inform the trial court of communications between the parties, and he argued that Williams’s October 1, 2009, letter did not constitute an “answer” to Branson’s complaint because it was never filed with the trial court. The trial court states in its brief:
“Once all of these arguments were presented, it became clear that [the trial court] had not been accorded a full and complete picture of the situation which existed between the parties. Had [the trial court] been made aware of the Defendants’ October 1, 2009, letter [it] never would have granted the default judgment. [The trial court] determined that the only way to do justice in this case was to allow Defendants their day in court, and set aside the default judgment.”
Accordingly, on the same date as the hearing, the trial court entered an order setting aside the default judgment that had been entered against Hilltop and Williams. Branson timely filed this petition for a writ of mandamus asking this Court to order the trial court to vacate that order and to reinstate the default judgment in its favor.

II. Standard of Review

“When considering a petition for a writ of mandamus compelling a trial court to vacate an order setting aside a default judgment, the standard this Court applies is whether, in setting aside the default judgment, the trial court exceeded its discretion.” Ex parte Bolen, 915 So.2d 565, 568 (Ala.2005).
“It is well established that the decision to grant or to deny relief pursuant to a Rule 60(b) motion is discretionary with the trial court. In reviewing the trial court’s ruling on such a motion, we cannot disturb the trial court’s decision unless the trial court abused that discretion in denying the motion.”
DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1089 (Ala.1990) (citations omitted).

III. Analysis

Branson argues that Hilltop and Williams’s motion to set aside the default judgment could not have been filed pursuant to Rule 55(c), Ala. R. Civ. P., because it was filed well after the 30-day period for filing such a motion; therefore, it argues, the motion must have been filed pursuant to Rule 60(b), Ala. R. Civ. P. Although the motion itself does not state so, Hilltop and Williams concede in their brief that *955 their motion was filed pursuant to Rule 60(b) and not Rule 55(c).
In pertinent part, Rule 60(b) provides: “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.... ”
Rule 60(b), Ala. R. Civ. P.
Branson argues that Hilltop and Williams’s motion colorably could fit within only subdivisions (1) or (3) of Rule 60(b). Given that both of those subdivisions require a motion filed pursuant to them to be filed within four months of the judgment, Branson argues that the trial court exceeded its discretion in granting Hilltop and Williams’s motion, which was filed eight months after the entry of the default judgment, on either basis. Branson contends that Rule 60(b)(1) arguably could apply because Hilltop and Williams stated in their motion that they were “acting ‘pro se’ at the time this case was filed and at the time the original Answer was filed,” and that Hilltop and Williams “did not realize that a copy of [the October 1, 2009,] letter, which was intended to be their ‘Answer,’ also needed to be filed with the Clerk of the Court.” Branson contends that these statements plausibly could be construed as a claim under Rule 60(b)(1) of “mistake, inadvertence, ... or excusable neglect.”
As Branson notes, however, even if Hilltop and Williams’s motion had been timely filed for purposes of Rule 60(b)(1), the fact that a party was acting pro se typically does not qualify as the kind of “mistake, inadvertence, ... or excusable neglect” countenanced by that rule. As a general rule,
“[a] pro se litigant is not exempt from procedural rules merely because of an unfamiliarity with them. See Asam v. Devereaux, 686 So.2d 1222 (Ala.Civ.App. 1996). ‘[T]he rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.’ Id. at 1223.”
Walker v. Blackwell, 800 So.2d 582, 588 (Ala.2001). More specifically, the Alabama Court of Civil Appeals has noted:
“ ‘[Ljack of counsel is not a valid grounds for setting aside a judgment under Rule 60(b). Porter v. Mobile Pulley & Machine Works, 507 So.2d 529, 530 (Ala.Civ.App.1987).... “A party remains under a duty to take the legal steps necessary to protect [her] own interests.” McDaniel [v. McDaniel, 694 So.2d 34, 36 (Ala.Civ.App.1997) ].’ ”
Ex parte Spriggs Enters., 879 So.2d 587, 591-92 (Ala.Civ.App.2003) (quoting State ex rel. Croson v. Croson, 724 So.2d 36, 38 (Ala.Civ.App.1998)). See also Osborn v. Roche, 813 So.2d 811, 818 (Ala.2001) (observing that “‘relief [under Rule 60(b)] should not be granted to a party who has failed to do everything reasonably within *956 his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments’ ” (quoting Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993))).
Beyond the fact that the pro se excuse does not qualify as the kind of mistake, inadvertence, or neglect referred to in Rule 60(b)(1), we note that the excuse is not supported by the materials before us in this case. The summons accompanying Branson’s complaint expressly and clearly stated that the defendants were “required to file the original of [their] written answer ... with the clerk of this court.” (Emphasis added.)
Branson contends that Rule 60(b)(3) is the only other subdivision of Rule 60(b) that remotely could apply to Hilltop and Williams’s motion, given the charge asserted by the trial court in its brief — and echoed by Hilltop and Williams in their brief — that Branson’s counsel acted with “a lack of complete candor with the court,” by failing to inform the trial court before moving for a default judgment that he had received the October 1, 2009, letter from Williams. According to Branson, this charge could be seen as coloring Hilltop and Williams’s motion as one involving a claim of “misrepresentation or other misconduct of an adverse party” under Rule 60(b)(3).
As was true with respect to the discussion of whether Hilltop and Williams’s motion could possibly be viewed as being based on the grounds described in Rule 60(b)(1), there is more than one problem with any attempt to consider Hilltop and Williams’s motion as being based on the grounds described in Rule 60(b)(3). First, the motion simply contains no allegation of misconduct by Branson’s counsel. Thus, construing the motion as having been filed pursuant to Rule 60(b)(3) would require this Court to read into the motion serious accusations that were not written into the motion by Hilltop and Williams themselves.
Second, the conduct of Branson’s counsel simply does not fall within the type of conduct described in Rule 60(b)(3). This Court has stated:
“To obtain relief under Rule 60(b)(3), the party asserting that an adverse party improperly obtained a verdict through fraud, misrepresentation, or other misconduct must prove, by clear and convincing evidence, that: 1) the adverse party engaged in fraud or other misconduct, and 2) the misconduct prevented the moving party from fully and fairly presenting his or her case.”
Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 318 (Ala.1992).
The allegation by the trial court and the defendants is that, at the time Branson filed its motion for a default judgment, Branson’s counsel failed to disclose to the trial court that he had received a letter from Williams that detailed the defendants’ “defenses” to Branson’s breach-of-contract claim. The trial court and the defendants further allege that “overreaching, coercion, and threats” by Bran-son’s counsel in the cover letter sent to Williams that accompanied the workout agreement prevented Hilltop and Williams from challenging the default judgment in a timely fashion.
The characterization of the conduct of Branson’s counsel by the trial court and the defendants, however, is at odds with the facts. As Branson notes, all its counsel did when it filed its application for the entry of a default judgment was file the correct papers detailing that a timely answer to Branson’s complaint had not been *957 filed with the court. Nothing in the default-judgment procedure required Bran-son’s counsel to reveal that he had received a communication from Williams. The trial court itself notes that Branson’s counsel did not violate any “legal duty or ethical rule” in filing an application for a default judgment. This is especially true given that Williams’s letter simply constituted a communication between parties, not a filing with the court. Regarding such communications, this Court has observed:
“ ‘Our research ... does not reveal an Alabama case that has found a letter or letters exchanged between plaintiffs and defendant’s counsel to be an “appearance” within the meaning of Rule 55(b)(2). In each case finding an appearance, some writing has been filed in court to indicate an intention to defend the action.’ ”
Ex parte Phillips, 900 So.2d 412, 417 (Ala. 2004) (quoting Western Union Tel. Co. v. Crowder, 547 So.2d 876, 879 (Ala.1989)). See also Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1120 (Ala.1977) (stating that “[a]n appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court”). The letter sent by Williams did not constitute an “answer” to the complaint, and Branson had no obligation to treat it as such or to inform the court of its existence.
Likewise, the November 11, 2009, letter from Branson’s counsel to Williams to which the workout agreement was attached did not constitute “overreaching, coercion, and threats.” This letter was sent only two days after the entry of the default judgment (i.e., well within the time for Hilltop and Williams to file a motion for relief from the default judgment if they so chose). The letter was merely the result of settlement negotiations. In fact, the workout agreement itself states that Hilltop “proposed this as a voluntary workout agreement.” The cover letter stated in summary fashion the agreement between the parties, i.e., that in exchange for Hilltop’s agreeing to the terms of the workout agreement, Branson agreed not to enforce the default judgment. Both sides gave up something for the sake of the settlement: Branson gave up its right to enforce the default judgment and to receive immediate payment on the contract (Hilltop and Williams had a year to fulfill their payment obligation under the workout agreement) while Hilltop and Williams agreed “not to contest the validity or enforceability of the default judgment” and released Branson “from any and all liability, debts, causes of action, or claims of any kind.” Nothing required Hilltop and Williams to sign the workout agreement rather than challenge the default judgment at the time. Hilltop and Williams also made a deliberate choice to sign the workout agreement without seeking the advice of counsel, despite the fact that the workout agreement expressly stated that Hilltop “has a right to have this agreement reviewed by an attorney before signing” and that Hilltop “has sought advice of counsel or not as HILLTOP sees fit and was not coerced in any way by Branson or its counsel into signing this agreement as written.” (Capitalization in original.) In sum, there is no indication that the workout agreement was anything other than a settlement entered into voluntarily by the defendants, and not as a result of overreaching or coercion by Branson’s counsel.
Despite the fact that Hilltop and Williams’s motion to set aside the default judgment was filed outside the four-month filing deadline for a motion filed pursuant to Rule 60(b)(1) through (3), the motion properly could have been granted if it was *958 filed pursuant to Rule 60(b)(6), because motions filed pursuant to Rule 60(b)(6) must be filed within a “reasonable period of time” rather than within a specific time frame. Hilltop, Williams, and the trial court contend that this is precisely what the motion represents: a motion to set aside the default judgment pursuant to Rule 60(b)(6). Branson counters that the defendants are attempting to couch a Rule 60(b)(1) motion as a Rule 60(b)(6) motion solely to avoid the filing deadline, something that is not permitted under the rule.
Concerning motions filed pursuant to Rule 60(b)(6), this Court has stated:
“The ‘catch all’ provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for ‘any other reason justifying relief.’ Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala.1990). ‘ “Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.’” Chambers County Comm’rs v. Walker, 459 So.2d 861, 866 (Ala.1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala.1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5).... Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6).”
R.E. Grills, Inc. v. Damson, 641 So.2d 225, 229 (Ala.1994) (emphasis added).
This Court also has determined, however, that an extraordinary circumstance exists that can be considered as a basis for relief under Rule 60(b)(6), despite the fact that it also can serve as a basis for relief under Rule 60(b)(1):
“[W]here a motion for relief is filed more than four months after dismissal of the case where the dismissal was the result of the mistake, inadvertence, or excusable neglect of counsel, but the delay in filing the motion for relief was due to the active misrepresentation by counsel to his client as to the status or progress of the case.”
Chambers Comity Comm’rs v. Walker, 459 So.2d 861, 865 (Ala.1984). This circumstance does not exist in this case because there is no allegation by Hilltop and Williams that their delay in filing their motion to set aside the default judgment was the result of active misrepresentation by their own counsel. Consequently, in order for the motion at issue in this case to be properly construed as a Rule 60(b)(6) motion, it must be based upon some other “extraordinary circumstance.”
The “extraordinary circumstance” both the defendants and the trial court contend existed in this case was an alleged manipulation of the legal system by Bran-son’s counsel when he failed to inform the trial court about the October 1, 2009, letter he had received from Williams, followed by the use by Branson’s counsel of the default judgment allegedly to “coerce” Hilltop and Williams into signing the workout agreement. As we have already explained in more detail, however, the letter from Williams did not constitute the “filing” of an “Answer” “with the clerk of [the] court”; Branson’s counsel had no duty to treat it as such or to bring it to the attention of the trial court as if it were the equivalent of an answer; and, in any event, we see no indication of “coercion” of Hilltop and Williams by Branson. This characterization of the actions of Branson’s counsel ignores the fact that Hilltop and *959 Williams’s predicament was chiefly caused by their own freely chosen actions, namely, their failure to file with the trial court any answer to Branson’s complaint, their voluntary decision to sign the workout agreement (an agreement proposed to the defendants within two days of the entry of the default judgment) rather than timely seeking relief from the default judgment at that juncture under Rule 55, and their failure to seek the advice of counsel either upon receiving the complaint or upon receiving the proposed workout agreement.
“ ‘Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.’ Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala.1983), citing Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala.1982). Nor can Rule 60(b)(6) be used ‘for the purpose of relieving a party from, the free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his oum interest.’ See 11 C. Wright & A. Miller, Federal Practice & Procedure, § 2864 at 214-215 (1973).”
Walker, 459 So.2d at 866 (emphasis added). Hilltop and Williams did not take the necessary legal steps to protect their own interests. Rule 60(b)(6) cannot be used to relieve them of the consequences of their failure to do so.
For the foregoing reasons, we conclude that the trial court exceeded its discretion in granting Hilltop and Williams’s Rule 60(b) motion to set aside the default judgment entered against them. Accordingly, we grant Branson’s petition and order the trial court to vacate its September 22, 2010, order setting aside the default judgment entered in favor of Branson and to reinstate the default judgment.
PETITION GRANTED; WRIT ISSUED.
WOODALL, BOLIN, SHAW, and MAIN, JJ., concur.

. Though the parties have not included a transcript of the hearing in their materials submitted to this Court, the trial court submitted a brief in which it recounted the discussion in the hearing.