THOMAS, Judge,
dissenting.
I respectfully dissent from the dismissal of this appeal. Although Rule 60(b), Ala. R. Civ. P., provides that a party may commence an independent action seeking to set aside a judgment for fraud on the court within three years, I cannot agree that T.T.’s motion was anything other than an untimely motion seeking relief from judgment under Rule 60(b). T.T. alleged fraud in his motion; however, he did not allege fraud on the court. Instead, T.T. alleged only that the. underlying judgment was based on “fraudulent evidence and testimony.” Thus, T.T. alleged that the judgment was supported by perjured testimony, and “ ‘[plerjury is an intrinsic fraud which will not support relief from judgment through an independent action.’ ” Hall v. Hall, 587 So.2d 1198, 1200 (Ala.1991) (quoting Travelers Indent. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir.1985)).
Even T.T. argues on appeal that his motion was a Rule 60(b)(6) motion governed by the reasonable-time requirement. T.T.’s allegations of,perjury and mistake would support relief from judgment under Rule 60(b)(1) and (3)[1] and are therefore not sufficient to support extraordinary relief under Rule 60(b)(6).. Motions seeking relief under either Rule 60(b)(1) or Rule 60(b)(3) must be filed within four months of the entry of the judgment being challenged, but. motions seeking relief pursuant to Rule 60(b)(6) must be filed within a reasonable time. Ex parte Branson Mack, LLC, 78 So.3d 950, 957 (Ala.2011) (explaining that motions seeking relief pursuant to Rule 60(b)(l)-(3) must be filed within four months .of the entry of the judgment but that Rule 60(b)(6) motions need be filed only within a reasonable time). Because the categories for relief under Rule 60(b) are mutually exclusive, T.T.’s allegations, without proof of aggravating circumstances , relating to the grounds that are cognizable under Rule 60(b)(1), cannot form the basis for a Rule 60(b)(6) motion so as to escape the requirement that the motion be filed within four months of the judgment. See Chambers Cnty. Comm’rs v. Walker, 459 So.2d 861, 865 (Ala.1984). As our supreme court has explained:
“Clause (6) ... is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5).... Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to *478 clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6).”
R.E. Grills, Inc. v. Damson, 641 So.2d 225, 229 (Ala.1994). T.T.’s Rule 60(b) motion sought relief available under clauses (1) and (3) and failed to allege aggravating circumstances relating to the grounds that are cognizable under Rule 60(b)(1) sufficient to entitle him to relief under Rule 60(b)(6). T.T.’s motion, which was filed three years and three days after entry of the underlying judgment, was therefore untimely filed.
Because T.T.’s Rule 60(b) motion was untimely filed, I would affirm the trial court’s decision to deny that motion. The trial court stated at the hearing on the motion that it did not think the motion could be granted because of the lapse of time between the entry of the underlying judgment and the filing of the motion. The trial court was correct in this conclusion, and, therefore, its judgment should be affirmed.
MOORE, J., concurs.

. I agree with the conclusion in the main opinion that T.T. fails to argue on appeal that his motion was based on an allegation that ■ the underlying judgment was void or that he was proceeding under Rule 60(b)(4). Thus, I, too, decline to consider T.T.’s motion as if it were a Rule 60(b)(4) motion.