Rel: May 19, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

————————————————

### SC-2022-1018

————————————————

**Gary Womble and Sheila Womble**

**v.**

**Collie Moore III**

**Appeal from Jefferson Circuit Court**
**(CV-20-900884)**

STEWART, Justice.

Gary Womble and Sheila Womble, a married couple, appeal from an order of the Jefferson Circuit Court ("the trial court") denying their motion filed pursuant to Rule 60(b)(1), Ala. R. Civ. P., seeking to set aside

a judgment that dismissed, with prejudice, their action against Collie Moore III. The Wombles have not demonstrated that the trial court exceeded its discretion in denying their Rule 60(b)(1) motion; therefore, we affirm the trial court's order denying their motion.

Facts and Procedural History

On March 3, 2020, the Wombles sued Moore alleging claims of negligence, wantonness, and loss of consortium in connection with an automobile accident that had occurred March 28, 2018, in which Moore's automobile collided with the rear of the Wombles' automobile. The Wombles attached to their complaint interrogatories and requests for production of documents.

Moore was personally served by a private investigator in July 2020 with the complaint, the interrogatories, and the requests for production. Moore filed an answer and asserted various affirmative defenses, and he responded to the Wombles' discovery requests. Likewise, Moore served the Wombles with interrogatories and requests for production. On August 13, 2020, the trial court entered an order setting a teleconference for August 24, 2020.

On August 26, 2020, the trial court entered a scheduling order setting a jury trial for September 13, 2021, with a pretrial conference scheduled for the Friday preceding the trial. In that order, the trial court also stated:

> "The case shall be DISPOSED of on or before the trial date, unless the Court grants a properly and timely filed Motion for Continuance. Such a Motion shall be granted only for good cause shown. The parties are advised that the following or other such reasons will NOT be considered 'good cause': 'that mediation failed'; 'that the trial setting is a first setting'; 'that the parties have agreed to a continuance'; and/or 'that discovery has not been completed.'"

(Capitalization in original.) The trial court also entered a separate order requiring the parties to mediate the case.

On November 30, 2020, the Wombles' attorney filed a notice of attorney's lien and a motion to withdraw. The trial court granted the motion to withdraw and directed the clerk to forward all notices to the Wombles at their home address.

On January 25, 2021, Moore filed a motion requesting a status conference in which he alleged that the Wombles had not responded to discovery requests or communicated with Moore since their attorney had withdrawn. A status conference was scheduled to be held by teleconference on February 16, 2021; however, that conference was

canceled due to inclement weather. On March 30, 2021, Moore filed another request for a status conference. The trial court set a teleconference for April 29, 2021. It is not clear from the record whether that teleconference occurred. The trial court also later held a teleconference on June 24, 2021. There is no dispute that the Wombles participated in all teleconferences that were held. On August 23, 2021, Moore's attorney filed a conflict notice for the jury week of September 13, 2021, but he stated that he would be prepared for trial and proceed at the direction of the trial court.

On September 13, 2021, the scheduled trial date, the trial court entered a judgment dismissing the action, with prejudice, based on the Wombles' failure to prosecute the action. In the judgment, the trial court stated that the Wombles had failed to appear on the trial date and that Moore had orally moved to dismiss the action.

On October 12, 2021, the Wombles, through a new attorney, filed a motion to set aside the judgment. The Wombles relied on Rule 60(b)(1), Ala. R. Civ. P., and cited excusable neglect as the basis for their motion. The Wombles attached to their motion an affidavit of Gary Womble in which he testified, in part:

4

"2. I have always intended to pursue the present lawsuit to its conclusion. Toward that end I have participated in teleconferences with the Judge and opposing counsel.

"3. Had I known my presence was required at the September 13, 2021 court setting I would have been in Court. The confusion stemmed from a prior understanding or misunderstanding that the case would be continued if we needed additional time.

"4. This past summer my wife, Plaintiff Sheila Womble, and I traveled to the Birmingham area to have lunch with the Defendant's attorney, John Lawes, to discuss the case. At that lunch the Defendant's attorney stated to us that he had lost contact with his client, the Defendant, and could not locate him. We expressed with certainty our desire to resolve the case. Mr. Lawes requested we provide him medical documentation and he would make an effort to negotiate with us. It was then said by the Defendant's attorney that he did not feel comfortable going to Court with us unrepresented.

"5. Right after that my wife and I began assembling our records and notebooks in order to hire an attorney. I began to research various attorneys.

"6. Two to three weeks ago we met and engaged our current attorney and that is how we discovered the September 13, 2021 court date and dismissal."

Moore filed a response in opposition to the Rule 60(b)(1) motion in which he made numerous factual statements and asserted, among other things, that the Wombles had failed to respond to discovery requests or

otherwise prepare the case for trial.[1] The trial court set a videoconference hearing for November 10, 2021, and, subsequently, a second videoconference hearing for December 9, 2021. There is no transcript from either of those hearings in the record.

On January 12, 2022, the Wombles filed a notice of appeal to this Court. On August 12, 2022, this Court issued an opinion dismissing the appeal as being from a nonfinal judgment because the trial court had not yet ruled on the Rule 60(b)(1) motion and dismissing the appeal insofar as it challenged the judgment dismissing their action because the appeal had not been filed within 42 days of the entry of that judgment. Womble v. Moore, [Ms. 1210222, Aug. 12, 2022] ___ So. 3d ___ (Ala. 2022).

On October 18, 2022, the Wombles filed a motion in the trial court seeking to ascertain the status of their Rule 60(b)(1) motion. Moore filed a supplemental response in opposition to the Rule 60(b)(1) motion. On October 27, 2022, the trial court entered an order denying the Rule 60(b)(1) motion "[p]ursuant to the August 12, 2022 opinion of the

---

[1]We acknowledge that "[m]otions, statements in motions, and arguments of counsel are not evidence. Westwind Techs., Inc. v. Jones, 925 So. 2d 166, 171 (Ala. 2005)." Ex parte Merrill, 264 So. 3d 855, 860 n.4 (Ala. 2018).

Supreme Court of Alabama and upon due consideration of [the Rule 60(b)(1) motion]." On November 28, 2022, the Wombles timely filed a notice of appeal from that order.

## Standard of Review

"An appeal from the denial of a Rule 60(b) motion does not bring up for review the correctness of the judgment which the movant seeks to set aside, but is limited to deciding" whether the trial court exceeded its discretion in denying the motion. Menefee v. Veal, 484 So. 2d 437, 438 (Ala. 1986) (citing Raine v. First Western Bank, 362 So. 2d 846 (Ala. 1978)).

> "It is well established that the decision to grant or to deny relief pursuant to a Rule 60(b) motion is discretionary with the trial court. In reviewing the trial court's ruling on such a motion, we cannot disturb the trial court's decision unless the trial court [exceeded] that discretion in denying the motion."

DaLee v. Crosby Lumber Co., 561 So. 2d 1086, 1089 (Ala. 1990) (citations omitted). Furthermore, "[i]n order for a movant to obtain relief under Rule 60(b)(1), he or she must allege and prove one of the grounds set out therein." Menefee, 484 So. 2d at 438.

## Discussion

The Wombles primarily argue that their Rule 60(b)(1) motion was due to be granted based on the presumption that cases should be disposed of on the merits and on the premise that dismissal is a drastic sanction that should be reserved for extreme circumstances when the plaintiff has engaged in willful conduct. They assert that, to sustain the dismissal of their action, their conduct must have been "willful or contumacious." See Gill v. Cobern, 36 So. 3d 31, 33-34 (Ala. 2009). In addition to Gill, the Wombles rely on Goodley v. Standard Furniture Manufacturing Co., 716 So. 2d 226 (Ala. Civ. App. 1998), Poore v. Poore, 285 So. 3d 852 (Ala. Civ. App. 2019), and Ash v. Washington, 349 So. 3d 1284 (Ala. Civ. App. 2021), in asserting that there is no evidence of willful or contumacious conduct to support the dismissal of their action. Those cases, however, are inapposite. The Wombles did not appeal from the judgment dismissing their action. Rather, they have appealed from the trial court's order denying their Rule 60(b)(1) motion. Therefore, the propriety of the trial court's dismissal judgment is not before us for review. This Court is tasked with determining only whether the Wombles presented sufficient grounds under Rule 60(b)(1) and, as a result, whether the trial court

8

exceeded its discretion in denying the Wombles' motion. See <u>Menefee</u>, 484 So. 2d at 438.

Rule 60(b)(1) permits a trial court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect." "Excusable neglect" has been defined as:

> "A failure -- which the law will excuse -- to take some proper step at the proper time … not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party."

Black's Law Dictionary 1244 (11th ed. 2019). Similarly, this Court has described "excusable neglect" as follows:

> "'If a judgment be entered against a party in his absence, before he can be relieved of the judgment he must show that it was the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.'"

<u>DaLee</u>, 561 So. 2d at 1091 (quoting <u>McDavid v. United Mercantile Agencies, Inc.</u>, 248 Ala 297, 301, 27 So. 2d 499, 503 (1946)).

Here, the Wombles assert that they were, in fact, pursuing their case -- they had participated in all teleconferences, and they had stayed in communication with Moore's attorney. As stated in Gary Womble's affidavit, the Wombles further contend that their failure to attend the trial was based on a "misunderstanding that the case would be continued if [they] needed additional time." Therefore, the Wombles argue, their failure to appear at the trial was inadvertent and, therefore, the judgment should be set aside on the basis of excusable neglect.

Moore contends that this case is akin to Penn v. Irby, 496 So. 2d 751 (Ala. 1986), a case in which this Court affirmed a trial court's order denying a plaintiff's Rule 60(b)(1) motion seeking relief from a judgment of dismissal for lack of prosecution. The pro se plaintiff in Penn failed to attend numerous trial settings, and although the plaintiff denied knowledge of the last trial setting, the record indicated that he had been given notice of that setting multiple times. This Court concluded that the record did not establish that the trial court had exceeded its discretion in denying the Rule 60(b)(1) motion. Id. at 752.

Moore also notes that "the fact that a party was acting pro se typically does not qualify as the kind of 'mistake, inadvertence, … or

excusable neglect' countenanced by [Rule 60(b)(1)]," Ex parte Branson Mach., LLC, 78 So. 3d 950, 955 (Ala. 2011), and that a party acting pro se is charged with the duty of taking the appropriate legal steps to protect that party's interests and cannot rely on the lack of counsel as a valid ground under Rule 60(b)(1) to set aside a judgment. Id. (quoting Ex parte Spriggs Enters., 879 So. 2d 587, 591-92 (Ala. Civ. App. 2003)).

Here, based on the record before us, we cannot say that the trial court erred in concluding that the Wombles' failure to appear for trial was not "'the result of a mistake or inadvertence which reasonable care could not have avoided, a surprise which reasonable precaution could not have prevented, or a negligence which reasonable prudence could not have anticipated.'" DaLee, 561 So. 2d at 1091. The Wombles were indisputably aware of the trial setting. The Wombles' sole excuse for their failure to appear at trial was that they were under a "misunderstanding that the case would be continued if [they] needed additional time." The Wombles do not identify on what information their misunderstanding was based, nor do they assert that they communicated a need for additional time. Moreover, the Wombles had been warned by the trial court that no continuance would be granted absent a motion

11

establishing "good cause," which the Wombles did not file. Moreover, the Wombles' claim that they had intended to prosecute the matter was belied by their failure to respond to discovery, to disclose potential witnesses, to retain new counsel before the trial setting, or to otherwise prepare their case for trial. Accordingly, based on the limited evidence presented to the trial court in support of the Wombles' Rule 60(b)(1) motion, the Wombles have not demonstrated that the trial court exceeded its discretion in denying that motion.

AFFIRMED.

Parker, C.J., and Wise, Sellers, and Cook, JJ., concur.